[No. 33430. Department Two. April 19, 1956.]

*In the Matter of the Estate of* Morris A. Madsen, *Deceased.* Sherald Greene, *Respondent,* v. Miranda Madsen, *Individually and as Executrix, Appellant.*[1]

[1]Reported in 296 P. (2d) 518.

*Summers, Bucey & Howard, Theodore A. LeGros,* and *Richard W. Buchanan,* for appellant.

*Royce & Royce,* for respondent.

*Tanner, Garvin & Ashley, amicus curiae.*

WEAVER, J.—This is an appeal by Miranda Madsen, individually and as executrix of the estate of her deceased husband, Morris A. Madsen, from an order of the superior court directing her, as executrix, to inventory, as assets of the estate, (a) $1,500 cash in a safe-deposit box and (b) $950 cash received by her from an account in the Washington Mutual Savings Bank.

Respondent, Sherald Greene, is a daughter of decedent by a former marriage. Decedent's will provides:

"I give and bequeath unto my daughter, Sherold Greene . . . whatever cash I may possess after all expenses in connection with my estate shall have been paid."

In 1940 or 1941, appellant rented a safe-deposit box. Her daughter had joint access to it. The evidence is uncontradicted that appellant placed $500 cash, the proceeds of a sale of property, in the safe-deposit box *prior* to her marriage to decedent in 1943. She was gainfully employed during her marriage to decedent. She testified that the balance of the $1,500 cash represented savings earned during coverture.

Appellant assigns error to the finding of the trial court

"That the said sum of $500.00 is presumptively the community property of the said Morris A. Madsen [decedent] and Miranda Madsen [appellant]. That Miranda Madsen did not offer sufficient evidence in support of her claim that the said $500.00 was her separate property to overcome this presumption. The said $500.00 is therefore declared to be the community property of the said Morris A. Madsen and Miranda Madsen at the time of his death."

The status of property—whether it is separate or community—is determined originally at the date of its acquisition. When it appears that property was once sep-

arate, it is presumed to maintain that character until there is some direct and positive evidence to the contrary. *Hamlin v. Merlino,* 44 Wn. (2d) 851, 272 P. (2d) 125 (1954). Its character may be changed by deed, by agreement between the parties, by operation of law, or by some form of estoppel. *In re Witte's Estate,* 21 Wn. (2d) 112, 150 P. (2d) 595 (1944). On the other hand, if property is acquired during coverture, it is presumed to be community property; but the presumption may be rebutted. *Abel v. Abel,* 47 Wn. (2d) 816, 822, 289 P. (2d) 724 (1955).

It is undisputed that $500 of the cash in the safe-deposit box was appellant's property before marriage. It was her separate property. There is no evidence to overcome the presumption that it remained her separate property.

It would appear that the trial court selected the wrong presumption. Therefore, that portion of the order directing appellant to inventory $500 of the $1,500 as an asset of the estate is reversed.

April 20, 1953, decedent opened a savings account in his own name with the Washington Mutual Savings Bank. February 18, 1954, he closed this account by withdrawing $1,022.04. February 19, 1954, he opened account No. 71,607, designated as "Madsen Morris TR for Mamie," by the deposit of $1,000. The signature card by which this account was opened contained the following:

"Funds in this account constitute a voluntary trust for
Mamie Madsen
revocable by me in whole or in part, at any time, by the withdrawal of funds. After my death, funds remaining in the account shall belong to the beneficiary absolutely. Both the beneficiary and myself shall be bound by the By-Laws and other regulations of the Washington Mutual Savings Bank. [Signed] Morris Madsen."

February 24, 1954, decedent withdrew $50 from the account. The pass book was in his possession at the time of his death on February 27, 1954. Appellant, as the named beneficiary of the trust account, withdrew the $950 remaining on March 5, 1954.

Appellant appeals from that portion of the order directing her to inventory the $950 as an asset of decedent's estate and to account for it in due course of administration.

The question presented is one of first impression in this jurisdiction.

Is a valid trust created by the deposit of funds in a savings account in the name of the depositor in trust for a designated beneficiary; the depositor reserving the right to revoke the trust or to withdraw all or any part of the deposit during his lifetime?

■ If a person makes such a deposit in his own name "as trustee" for a named beneficiary, his intention may be either (a) to create a revocable trust, (b) to create an irrevocable trust, or (c) not to create a trust at all. To constitute a trust, there must be an explicit declaration of trust or circumstances which show beyond doubt that a trust was intended to be created.

■ In the instant case, there is no problem of the sufficiency of proof of intention. The written declaration of trust (quoted *supra*) is full and explicit, clear and unambiguous. It specifically identifies decedent's intention to establish a revocable trust for the beneficiary.

There is no evidence to the contrary.

The rule of decision, adopted in a number of jurisdictions, is set forth in 1 Restatement, Trusts, 181, § 58 (1935).

"Where a person makes a deposit in a savings account in a bank in his own name as trustee for another person intending to reserve a power to withdraw the whole or any part of the deposit at any time during his lifetime and to use as his own whatever he may withdraw, or otherwise to revoke the trust, the intended trust is enforceable by the beneficiary upon the death of the depositor as to any part remaining on deposit on his death if he has not revoked the trust."

Such a trust is called a "tentative trust." In adopting this doctrine, the courts have followed the rule formulated in the oft-quoted case of *In re Totten*, 179 N. Y. 112, 71 N. E. 748, 70 L. R. A. 711, 1 Ann. Cas. 900, annotation 904 (1904).

The New York court of appeals concluded:

"After much reflection upon the subject, guided by the principles established by our former decisions, we announce the following as our conclusion: A deposit by one person of his own money, in his own name as trustee for another, standing alone, does not establish an irrevocable trust during the lifetime of the depositor. It is a tentative trust merely, revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration, such as delivery of the pass book or notice to the beneficiary. In case the depositor dies before the beneficiary without revocation, or some decisive act or declaration of disaffirmance, the presumption arises that an absolute trust was created as to the balance on hand at the death of the depositor." (p. 125.)

Accord: *Brucks v. Home Federal Sav. & Loan Ass'n*, 36 Cal. (2d) 845, 228 P. (2d) 545 (1951); *Cressy v. Fisher*, 16 Conn. Sup. 391 (1949); *Deleware Trust Co. v. Fitz-Maurice*, 27 Del. Ch. 101, 31 A. (2d) 383 (1943); *Wilder v. Howard*, 188 Ga. 426, 4 S. E. (2d) 199 (1939); *Hale v. Hale*, 313 Ky. 344, 231 S. W. (2d) 2 (1950); *Bollack v. Bollack*, 169 Md. 407, 182 Atl. 317 (1936); *Cohen v. Newton Sav. Bank*, 320 Mass. 90, 67 N. E. (2d) 748, 168 A. L. R. 1321 (1946); *In re Guardianship of Overpeck [Rickel v. Peck]*, 211 Minn. 576, 2 N. W. (2d) 140, 138 A. L. R. 1375 (1942); *In re Shapley's Deed of Trust*, 353 Pa. 499, 46 A. (2d) 227, 164 A. L. R. 877 (1946); *Simmons v. First Federal Sav. & Loan Ass'n*, 132 Fed. Supp. 370 (D. C. D. C. 1955). In addition, decisions supporting this rule in eleven other jurisdictions are collected in an annotation, "Creation of voluntary trust in bank deposit maintained in ordinary individual form," 168 A. L. R. at 1275, footnote 11, and 168 A. L. R. at 1276, footnote 13.

The weight of authority and the reasoning of the better considered cases support the conclusion that such trusts do not violate the statute of wills. Their creation does not depend upon the death of the depositor. This fact distinguishes the instant case from *Toulouse v. New York Life Ins. Co.*, 40 Wn. (2d) 538, 245 P. (2d) 205 (1952).

We conclude that the written declaration of trust in the present case is sufficient to establish a valid trust for the

benefit of the beneficiary named, the appellant, and that she is entitled to the funds involved.

That portion of the order directing appellant to inventory the $950 received by her from the savings account is also reversed.

It is so ordered.

HAMLEY, C. J., MALLERY, HILL, and ROSELLINI, JJ., concur.