20 P.3d 481 (2001)
In re the Marriage of Carol Ann WHITE, Respondent,
v.
William Frank WHITE, Petitioner.
No. 23917-5-II.
Court of Appeals of Washington, Division 2.
March 30, 2001.
*483 Christopher R. Sundstrom, Vancouver, for Respondent.
Douglas O Whitlock, Whitlock & Saunders, Vancouver, for Appellant.
*482 MORGAN, J.
The husband in this dissolution action appeals the trial court's division of property. We think the trial court had discretion to divide the property as it did, but we cannot sustain its reasoning. Accordingly, we grant the husband an opportunity for reconsideration.
Carol Ann White (Carol) and William Frank White (Frank) were married in 1973, separated in 1997, and divorced in 1998. During marriage and before 1993, they acquired a family home subject to a mortgage and a family car subject to a security interest.[1] It is undisputed that the home and car were community property when initially acquired.
In early 1993, Carol received an inheritance from her father. Later in 1993, she used $4,000 of it to pay off the family car. In May 1994, she used $26,511 of it to pay off the family home. The sum of those payments, $30,511, is the amount presently in dispute.
In June 1997, Carol petitioned for dissolution. A year later, the case went to a bench trial. Carol asked that she be awarded $30,511 as her separate property, and that the remaining property be divided equally. She reasoned that the $30,511 was her separate property when she acquired it by inheritance; that it remained her separate property even after she applied it to the family home and car, unless she intended to give it to the community; that Frank had the burden of proving she intended to give it to the community; that Frank had not met his burden; and thus that the $30,511 was still her separate property at the time of trial. She concluded that her separate property should be awarded to her.
Frank asked that the parties' property be divided equally. He reasoned that the $30,511 was Carol's separate property when she acquired it by inheritance; that it became community property when Carol applied it to the house and car, unless Carol intended not to give it to the community; that Carol had the burden of proving the lack of such intent; that Carol had not met her burden; and that the $30,511 was community property at the time of trial. He concluded that community property should be divided equally.
The trial court embraced Carol's reasoning. It found or concluded in its oral ruling, written findings, or both, that the $30,511 was Carol's separate property when she first *484 inherited it; that the $30,511 was not transformed into community property at the time Carol used it to pay off the house and car unless Carol intended to give it to the community; that Frank had the burden of proving such intent; that Frank had failed to meet his burden; and that the $30,511 was still Carol's separate property at the time of trial.[2] In its decree, however, the trial court awarded Carol the first $26,511 of value in the family home, and each party "[o]ne half the net equity of the family home ... minus the [$]26,511.30 the wife was awarded as her separate property."[3] It also awarded Carol the first $4,000 of value in the family car, "which shall be considered the wife's separate property[,]"[4] and each party one half the remainder. It distributed the other assets and debts in approximately equal fashion.
The question on appeal is whether the trial court properly characterized and awarded the $30,511 as separate property. Carol answers yes, while Frank answers no. A trial court has broad discretion when distributing property in a dissolution case.[5] Under appropriate circumstances, it need not divide community property equally,[6] and it need not award separate property to its owner.[7] According to RCW 26.09.080, the court need only "make such disposition of the property and the liabilities of the parties, either community or separate, as shall appear just and equitable after considering all relevant factors[.]"
When exercising this broad discretion, a trial court focuses on the assets then before it-i.e., on the parties' assets at the time of trial.[8] If one or both parties disposed of an asset before trial, the court simply has no ability to distribute that asset at trial.
When exercising its broad discretion, a trial court characterizes each asset as separate or community property.[9] The asset is separate property if acquired before marriage;[10] *485 acquired during marriage by gift or inheritance;[11] acquired during marriage with the traceable proceeds of separate property;[12] or, in the case of earnings or accumulations, acquired during permanent separation.[13] The asset is community property if it is not separate property,[14] which generally means that an asset is community property if acquired onerously during marriage.[15] An asset is characterized as of the date of its acquisition,[16] and its character does not change thereafter,[17] subject to exceptions not pertinent here,[18] regardless of whether the asset is improved, or its value enhanced, by property of a different character.[19]
When exercising its discretion, a trial court is permitted to consider, as one relevant factor, a spouse's unusually significant contributions to (or wasting of) the assets on hand at trial. As Division Three has noted, "Washington courts recognize that consideration of each party's responsibility for creating or dissipating marital assets is relevant to the just and equitable distribution of property."[20]
Applying these principles here, we hold that the trial court had discretion to do what it did, for the following reasons: (1) The assets before the court at trial, and thus the assets to be distributed at trial, were the family home and family car. (2) The home and car were community property when first acquired, because they were acquired onerously *486 during marriage. (3) The home and car remained community property, even after Carol used part of her separate-property inheritance to pay them off, because the character of an asset does not change after acquisition. (4) The home and car were community property at trial, regardless of whether Carol intended, in 1993 and 1994, to donate the $30,511 to the community. (5) Even though the home and car were community property at trial, the court had discretion to award them, or their value, in any way that was just and equitable; it was not required to divide them equally. (6) Given that Carol made an unusually significant contribution to the value of the home and car when she used $30,511 of her inheritance to pay the debts against them, it was just and equitable to distribute the home and car (a) by awarding Carol the first $4,000 of value in the car and the first $26,511 of value in the home; and (b) by awarding each party half the remaining value.
Although the trial court had discretion to do what it did for the foregoing reasons, it did not use those reasons. Instead, as already seen above, it reasoned as follows: (1) The asset to be distributed at trial was the $30,511 that Carol received from her father. (2) The $30,511 was Carol's separate property when she first acquired it, because she acquired it by inheritance. (3) The $30,511 remained her separate property after she spent it to pay off the house and car-unless, when she spent it, she intended to give it to the community. (4) Frank had the burden of proving that she intended to give it to the community, and he did not meet that burden at trial. (5) Accordingly, the $30,511 was Carol's separate property at trial, and it should be awarded to her as such.
The first of these propositions is incorrect. The family home and family car, not the $30,511, were the assets before the court for distribution at trial. The $30,511 did not exist as an asset after it was spent.
The second of these propositions is correct-and also immaterial to the characterization of the home or car. It may be considered as a factor bearing on the distribution of the home and car, given that the $30,511 was contributed to the home and car.
The third proposition is incorrect. When the $30,511 was spent to pay off the debts on the home and car, it ceased to exist as a separate asset, and it lost whatever character it previously had. In effect, it merged into the home and car without altering their community character, whether or not Carol intended a gift and whether or not she later traced her contribution to her separate inheritance.[21]
The fourth proposition is immaterial to the characterization of the home and car. Whether Carol intended to make a gift to the community is a relevant factor to consider when dividing the community estate, but it is not a fact that either party had to prove or disprove before the trial court could exercise its discretion.
The fifth proposition is as incorrect as the others. The $30,511 had no character after it was spent, and it could not be awarded as a separate-property asset on hand at trial.
In reaching these conclusions, we do not overlook Frank's reliance on In re Marriage of Hurd.[22]Hurd holds "that a spouse's use of his or her separate funds to purchase property in the names of both spouses, absent any other explanation, permits a presumption that the purchase or transaction was intended as a gift to the community."[23]Hurd would apply, assuming it is correct, if Carol had used the $30,511 to purchase the family home or family car. In that situation, her intent to give (or lack of intent to give) would determine the character of the $30,511; the character of the $30,511 would determine the character of the home and car at least in part; and thus her intent to give (or lack of intent to give) would be highly material. Hurd does not apply, however, even assuming it is correct, where Carol used the $30,511 to pay off the home and car that had *487 previously been acquired. Regardless of her intent to give, if any, the use of $30,511 in separate property did not alter the community property character that the home and car took on when acquired.[24]
Nor do we overlook Frank's implication, primarily in his assignments of error, that Carol lacked an equitable right of reimbursement.[25] Such a right can be important in a contest between creditor and spouse, or between heir and spouse, because it may be the only vehicle by which relief can be granted to the spouse.[26] Such a right is rarely important in a dissolution action, because with or without it the court has broad discretion when distributing property and debts; a dissolution court can award property to either spouse in the absence of such a right, or a dissolution court can decline to award property to either spouse in the presence of such a right. Such a right has little importance here, for its existence or nonexistence is merely one factor to be considered.
In conclusion, we hold that the trial court had discretion to distribute the parties' property in the manner it did. We further hold that the trial court exercised its discretion using the wrong reasons, and we cannot tell from the record whether the trial court would distribute the parties' property differently using the reasons set forth herein. Accordingly, Frank shall have 30 days from the date of mandate to seek reconsideration by the trial court.[27] If he fails to seek reconsideration within that time, the decree will be final in all respects. If he does seek reconsideration within that time, the trial court shall grant a hearing, reconsider in light of this opinion, and either amend or decline to amend its distribution of the house and car. In the end,
the trial court may, if in its view equity so requires, distribute the [parties'] property in the same manner in which it did initially. What is required is that the trial court arrive at its decision as to what is just and equitable ... in the manner we here explain.[28]
Remanded for further proceedings consistent with this opinion. Neither party is awarded reasonable attorney fees on appeal.
We concur: BRIDGEWATER, J., and HUNT, A.C.J.
NOTES
[1] The parties actually acquired more than one car, but it is undisputed that the proceeds from one went to purchase the next. Because the difference in cars is legally insignificant, we refer for convenience to only one car.
[2] In its written Finding of Fact 2.9, the trial court stated:

2.9. SEPARATE PROPERTY.
The husband has no real or personal separate property.
The wife [has] the following real or personal separate property:
1. [An asset not pertinent here.]
2. $4,000 of the [family car].
3. $26,511 ... received as a result of inheritance from the wife's father's estate and applied to the balance remaining on the mortgage to the family home[.]
... The Court finds that [Carol] has adequately traced to the source-inheritance-those monies she claims as separate. The Court finds that the funds noted above were received as an inheritance from the Estate of [Carol's] Father. The funds were then deposited into a joint savings account and later used to pay off the [family car] and the balance remaining on the family home. The Court finds no donative intent on the part of [Carol], hence the inheritance was not gifted to the Marital Community.
Clerk's Papers at 11.
[3] Clerk's Papers at 23.
[4] Id. at 23.
[5] RCW 26.09.080; In re Marriage of Brewer, 137 Wash.2d 756, 769, 976 P.2d 102 (1999); In re Marriage of Kraft, 119 Wash.2d 438, 450, 832 P.2d 871 (1992); In re Marriage of Konzen, 103 Wash.2d 470, 477-78, 693 P.2d 97, cert. denied, 473 U.S. 906, 105 S.Ct. 3530, 87 L.Ed.2d 654 (1985); In re Marriage of Stachofsky, 90 Wash. App. 135, 142, 951 P.2d 346, review denied, 136 Wash.2d 1010, 966 P.2d 904 (1998); In re Marriage of Harrington, 85 Wash.App. 613, 624, 935 P.2d 1357 (1997).
[6] RCW 26.09.080; In re Marriage of Hadley, 88 Wash.2d 649, 656, 565 P.2d 790 (1977); Friedlander v. Friedlander, 80 Wash.2d 293, 305, 494 P.2d 208 (1972); Worthington v. Worthington, 73 Wash.2d 759, 768-69, 440 P.2d 478 (1968) (quoting Webster v. Webster, 2 Wash. 417, 419, 26 P. 864 (1891)); In re Marriage of Leland, 69 Wash. App. 57, 74 n. 14, 847 P.2d 518, review denied, 121 Wash.2d 1033, 856 P.2d 383 (1993).
[7] RCW 26.09.080; Konzen, 103 Wash.2d at 477-78, 693 P.2d 97; Baker v. Baker, 80 Wash.2d 736, 746-47, 498 P.2d 315 (1972); Blood v. Blood, 69 Wash.2d 680, 682, 419 P.2d 1006 (1966); see also Brewer, 137 Wash.2d at 766, 976 P.2d 102 ("Characterization of property as community separate is not controlling in division of property between the parties in a dissolution proceeding[.]"); Stachofsky, 90 Wash.App. at 147-48, 951 P.2d 346 (upholding a decision to award wife a portion of husband's separate property).
[8] RCW 26.09.080; Brewer, 137 Wash.2d at 766, 976 P.2d 102; Friedlander, 80 Wash.2d at 305, 494 P.2d 208; In re Marriage of Olivares, 69 Wash.App. 324, 328-29, 848 P.2d 1281, review denied, 122 Wash.2d 1009, 863 P.2d 72 (1993).
[9] RCW 26.09.080; Brewer, 137 Wash.2d at 766, 976 P.2d 102; Hadley, 88 Wash.2d at 656, 565 P.2d 790; Baker, 80 Wash.2d at 745, 498 P.2d 315; Blood, 69 Wash.2d at 682, 419 P.2d 1006.
[10] RCW 26.16.010.020; Brewer, 137 Wash.2d at 766, 976 P.2d 102; In re Marriage of Short, 125 Wash.2d 865, 870-71, 890 P.2d 12 (1995); Brown v. Brown, 100 Wash.2d 729, 737, 675 P.2d 1207 (1984); In re Marriage of Skarbek, 100 Wash.App. 444, 447, 997 P.2d 447 (2000); In re Marriage of Hurd, 69 Wash.App. 38, 50, 848 P.2d 185, review denied, 122 Wash.2d 1020, 863 P.2d 1353 (1993).
[11] RCW 26.16.010-.020; Brewer, 137 Wash.2d at 766, 976 P.2d 102; Short, 125 Wash.2d at 870-71, 890 P.2d 12; Brown, 100 Wash.2d at 737, 675 P.2d 1207; Hurd, 69 Wash.App. at 38, 848 P.2d 185.
[12] Hadley, 88 Wash.2d at 662, 565 P.2d 790; Berol v. Berol, 37 Wash.2d 380, 381-82, 223 P.2d 1055 (1950); Scott v. Currie, 7 Wash.2d 301, 305-06, 109 P.2d 526 (1941); Hurd, 69 Wash. App. at 50, 848 P.2d 185; Pollock v. Pollock, 7 Wash.App. 394, 400, 499 P.2d 231 (1972) (quoting Berol, 37 Wash.2d at 381-82, 223 P.2d 1055).
[13] RCW 26.16.140; Seizer v. Sessions, 132 Wash.2d 642, 649, 940 P.2d 261 (1997); Short, 125 Wash.2d at 871, 890 P.2d 12; Aetna Life Ins. Co. v. Bunt, 110 Wash.2d 368, 372, 754 P.2d 993 (1988); Harrington, 85 Wash.App. at 625, 935 P.2d 1357.
[14] RCW 26.16.030; Brewer, 137 Wash.2d at 766; Short, 125 Wash.2d at 871, 890 P.2d 12; Brown, 100 Wash.2d at 735-37.
[15] Brown, 100 Wash.2d at 737, 675 P.2d 1207; Connell v. Francisco, 74 Wash.App. 306, 317, 872 P.2d 1150 (1994), overruled on other grounds, 127 Wash.2d 339, 898 P.2d 831 (1995); Harry M. Cross, The Community Property Law, Wash.L.Rev. 13, 27-28 (1985) ("[A]n asset onerously acquired during marriage is presumptively community property whereas one lucratively acquired ordinarily is not."). As used here, "onerous" means "[d]one or given in return for something of equivalent value; supported by consideration." BLACK'S LAW DICTIONARY 1117 (7th ed.1999).
[16] In re Marriage of Zahm, 138 Wash.2d 213, 223, 978 P.2d 498 (1999); Baker, 80 Wash.2d at 745, 498 P.2d 315; In re Estate of Madsen, 48 Wash.2d 675, 676, 296 P.2d 518 (1956); In re Estate of Witte, 21 Wash.2d 112, 124, 150 P.2d 595 (1944); Skarbek, 100 Wash.App. at 448, 997 P.2d 447; In re Marriage of Pearson-Maines, 70 Wash.App. 860, 865, 855 P.2d 1210 (1993).
[17] Baker, 80 Wash.2d at 745, 498 P.2d 315; Madsen, 48 Wash.2d at 676-77, 296 P.2d 518; Witte, 21 Wash.2d at 125, 150 P.2d 595; Skarbek, 100 Wash.App. at 447, 997 P.2d 447.
[18] Baker, 80 Wash.2d at 745, 498 P.2d 315; Madsen, 48 Wash.2d at 676-77, 296 P.2d 518; Witte, 21 Wash.2d at 125, 150 P.2d 595; see also Hurd, 69 Wash.App. at 51, 848 P.2d 185 (spouses may change separate property into community property by written agreement); In re Marriage of Shannon, 55 Wash.App. 137, 140, 777 P.2d 8 (1989) (same).
[19] Baker, 80 Wash.2d at 745, 498 P.2d 315; Burch v. Rice, 37 Wash.2d 185, 190, 222 P.2d 847 (1950); Witte, 21 Wash.2d at 125, 150 P.2d 595; In re Marriage of Brooks, 51 Wash.App. 882, 886, 756 P.2d 161 (1988).
[20] In re Marriage of Williams, 84 Wash.App. 263, 270, 927 P.2d 679 (1996), review denied, 131 Wash.2d 1025, 937 P.2d 1102 (1997); see also In re Marriage of Steadman, 63 Wash.App. 523, 527-28, 821 P.2d 59 (1991); In re Marriage of Morrow, 53 Wash.App. 579, 587-88, 770 P.2d 197 (1989); In re Marriage of Clark, 13 Wash.App. 805, 808-09, 538 P.2d 145, review denied, 86 Wash.2d 1001(1975).
[21] This merger might or might not have resulted in an equitable right of reimbursement. For reasons discussed later in the text, however, such a right is not important here.
[22] Hurd, 69 Wash.App. 38, 848 P.2d 185.
[23] Hurd, 69 Wash.App. at 51, 848 P.2d 185.
[24] But it would still be a relevant factor in awarding the property, as noted elsewhere herein.
[25] This concept is murky, and the language used to describe it is not always consistent. See 19 KENNETH W. WEBER, WASHINGTON PRACTICE: FAMILY AND COMMUNITY PROPERTY LAW § 11.26 ff (1997). Sometimes it is termed an equitable lien. Other times, it is termed a right of reimbursement. We choose to call it an equitable right of reimbursement.
[26] See, e.g., deElche v. Jacobsen, 95 Wash.2d 237, 622 P.2d 835 (1980) (creditor v. spouse); Merritt v. Newkirk, 155 Wash. 517, 285 P. 442 (1930) (creditor v. spouse); In re Estate of Hickman, 41 Wash.2d 519, 250 P.2d 524 (1952) (heir v. spouse); Jones v. Davis, 15 Wash.2d 567, 131 P.2d 433 (1942) (heir v. spouse); In re Estate of Trierweiler, 5 Wash.App. 17, 486 P.2d 314 (1971) (heir v. spouse).
[27] We offer the opportunity for a hearing on remand, as opposed to ordering a hearing on remand, because we are unsure from the briefs whether Frank actually wants a hearing on remand.
[28] Kraft, 119 Wash.2d at 450, 832 P.2d 871.