

2014 APR 28 11: 54

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | No. 69747-1-I |
| | ) | |
| VINH QUOC DANG, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ANH-THU THI VU, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: April 28, 2014 |
| | ) | |

VERELLEN, A.C.J. — Appellate review of the trial court's decision in a dissolution proceeding is highly deferential. Here, Anh-Thu Thi Vu challenges most of the trial court's findings of fact. Some of the arguments are raised for the first time on appeal and almost none include citation to authority. Because Vu fails to meet her burden on appeal to show that the trial court's findings were not supported by substantial evidence or that the trial court abused its discretion, we affirm. Additionally, because her appeal is frivolous, we award Vinh Dang attorney fees and costs on appeal.

## FACTS

Vu and Dang married in September 2006. More than three months before their marriage, the parties executed a prenuptial agreement. After their marriage, Vu moved into Dang's home. During the marriage, Vu and Dang retained their separate bank

accounts and opened a joint checking and savings account into which they both contributed equal amounts of money to cover combined household expenses.

In April 2011, Dang moved out of the home and in November 2011, he filed for dissolution. The main issues at trial were whether the prenuptial agreement was enforceable, the division of property, maintenance, and the reimbursement of expenses Vu incurred while living in Dang's home after he moved out. The trial began in October 2012, but was continued for almost a month due to Vu's illness. On the fourth day of trial, the parties stipulated that the prenuptial agreement was enforceable on the issue of division of property, but not maintenance. As a result, the trial court divided the couple's property according to the terms of the prenuptial agreement with Vu receiving property valued at approximately $275,000. The trial court declined to award maintenance, but did order Dang to reimburse Vu for some of the expenses she incurred to maintain the home. Finally, the trial court found that Vu was intransigent because she needlessly increased the duration of the trial by concealing assets and making misrepresentations to the court about the assets she had available at separation. As a result, the trial court awarded Dang $8,000 in attorney fees.

Vu appeals. She had an attorney at trial but represents herself on appeal.

## DISCUSSION

Pro se litigants are held to the same standard as attorneys and must comply with all procedural rules on appeal.[1] Failure to do so may preclude appellate review.[2] An appellant must provide "argument in support of the issues presented for review,

---

[1] In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993).

[2] State v. Marintorres, 93 Wn. App. 442, 452, 969 P.2d 501 (1999).

together with citations to legal authority and references to relevant parts of the record."[3]

Failure to support assignments of error with legal arguments precludes review.[4]

Arguments that are not supported by references to the record, meaningful analysis, or citation to pertinent authority need not be considered.[5]

We review a trial court's findings of fact for substantial evidence.[6] "Substantial evidence to support a finding of fact exists where there is sufficient evidence in the record 'to persuade a rational, fair-minded person of the truth of the finding.'"[7] Unchallenged findings are verities on appeal.[8]

### Service of Process

Vu argues that service was not proper because her brother and sister in law waited for her inside of her home and served her with the summons when she arrived. We disagree.

Because this argument is raised for the first time on appeal, we need not reach it.[9] Even so, Vu fails to demonstrate that service was improper. Pursuant to RCW 4.28.080(15), personal service may be made at a person's place of usual abode

---

[3] RAP 10.3(a)(6).

[4] Howell v. Spokane & Inland Empire Blood Bank, 117 Wn.2d 619, 624, 818 P.2d 1056 (1991).

[5] Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992); State v. Elliott, 114 Wn.2d 6, 15, 785 P.2d 440 (1990); RAP 10.3(a).

[6] Hegwine v. Longview Fibre Co., Inc., 162 Wn.2d 340, 352-53, 172 P.3d 688 (2007).

[7] Id. at 353 (quoting In re Estate of Jones, 152 Wn.2d 1, 8, 93 P.3d 147 (2004)).

[8] Cowiche Canyon, 118 Wn.2d at 808.

[9] See RAP 2.5(a); State v. McFarland, 127 Wn.2d 322, 332-33, 899 P.2d 1251 (1995) ("As a general rule, appellate courts will not consider issues raised for the first time on appeal.").

with someone of suitable age and discretion who resides therein.[10] She appears to argue that service was improper solely because the presence of her brother and sister in law in her home frightened her. She cites no authority for this argument. Therefore, she has not met her burden to show that service was improper.

*Prenuptial Agreement and Division of Property*

Vu argues that the prenuptial agreement was not enforceable under California law and the trial court should not have relied upon it when distributing the couple's separate and community property. But because Vu stipulated in open court that the prenuptial agreement was valid, we disagree.

A trial court may enforce the terms of a stipulation under Civil Rule (CR) 2A. "The purpose of CR 2A is to give certainty and finality to settlements."[11] CR 2A requires a stipulation in open court on the record or evidence of the agreement in writing and subscribed by the attorneys denying it.[12] We review a trial court's decision to enforce a stipulation for abuse of discretion.[13]

Here, Vu stipulated in open court on the record that the prenuptial agreement was valid regarding the distribution of separate and community property and debts. In discussing the stipulation, the trial court observed that Vu would receive a larger division of property under the prenuptial agreement than she would receive without the prenuptial agreement. Both Vu's attorney and the trial court separately asked Vu whether she understood the stipulation. She answered "yes" each time. Vu claims that

---

[10] Sheldon v. Fettig, 129 Wn.2d 601, 607, 919 P.2d 1209 (1996).

[11] Condon v. Condon, 177 Wn.2d 150, 157, 298 P.3d 86 (2013).

[12] CR 2A; Bryant v. Palmer Coking Coal Co., 67 Wn. App. 176, 178, 858 P.2d 1110 (1992).

[13] Morris v. Maks, 69 Wn. App. 865, 868, 850 P.2d 1357 (1993).

4

she agreed to the stipulation because she was "sick and traumatized" and agreed to whatever her attorney and the trial court said.[14] But she raises this issue for the first time on appeal and does not explain why she was unable to explore this issue in a posttrial motion. On the record before us, Vu unequivocally agreed to the stipulation in open court. Vu does not establish that the trial court abused its discretion in enforcing the stipulation.

Vu generally argues it would be fair to award her at least half of the property the trial court awarded to Dang. But she presents no persuasive argument why the trial court's proposed division of assets based upon the prenuptial agreement was an abuse of discretion.

*Maintenance*

Vu argues that the trial court abused its discretion in declining to award her maintenance. We disagree.

Maintenance is a flexible tool by which the parties' standard of living may be equalized for an appropriate period of time.[15] The only limitation on amount and duration of maintenance under RCW 26.09.090 is that, in light of the relevant factors, the award must be just.[16] Those factors include, but are not limited to: (1) the financial resources of the party seeking maintenance; (2) the time needed to acquire education necessary to obtain employment; (3) the standard of living during the marriage; (4) the duration of the marriage; (5) the age, physical and emotional condition, and financial obligations of the spouse seeking maintenance; (6) and the ability of the spouse from

---

[14] Appellant's Opening Br. (Amended) at 23.

[15] In re Marriage of Washburn, 101 Wn.2d 168, 179, 677 P.2d 152 (1984).

[16] Bulicek v. Bulicek, 59 Wn. App. 630, 633, 800 P.2d 394 (1990).

whom maintenance is sought to meet his needs and obligations while providing the other spouse with maintenance.[17] We review a trial court's award of maintenance for abuse of discretion.[18]

Here, the trial court expressly considered the above factors and found that maintenance was not necessary. Vu challenges the trial court's finding on only the first factor: that she had enough financial resources to meet her needs independently. She argues that her monthly personal expenses, including $1,600 for rent, $300 for a cell phone, $800 for food, $200 for hair treatments, and $950 for savings, exceed her monthly income and this justifies an award of maintenance. But given that she was awarded assets with a value of approximately $275,000, exclusive of her pension plan, the trial court did not abuse its broad discretion in finding that this factor did not weigh in favor of maintenance. Furthermore, even if Vu did not have adequate financial resources, she does not explain why the first factor alone outweighs the five other factors to be considered. For these reasons, her argument is not persuasive.

### Award of Attorney Fees at Trial

Vu assigns error to the trial court's finding that she was intransigent and that Dang was entitled to attorney fees based on her intransigence but cites no compelling authority on this issue. Because substantial evidence supports the trial court's finding, we affirm the award of fees.

---

[17] RCW 26.09.090.

[18] In re Marriage of Mueller, 140 Wn. App. 498, 510, 167 P.3d 568 (2007).

A trial court may award a party legal fees caused by the other party's intransigence.[19] Intransigent conduct includes making a trial unduly difficult with increased legal costs.[20] The party's ability to pay the fee is irrelevant.[21]

Here, the trial court made the following finding regarding Vu's intransigence:

The court finds that the wife needlessly increased the husband's attorney's fees by attempting to conceal assets she received, and even during trial, when evidence of her deception became clear, she continued to make misrepresentations to the court as to the assets she had available to her, which caused the trial to drag on for days beyond the time necessary to establish facts known to the wife by her own bank statements, further increasing the husband's attorney's fees for trial preparation, as well as for actual days in trial. The court find[s] the wife's actions in this regard to constitute intransigence and makes an award of attorney's fees to the husband.[22]

Vu contends that she did not conceal assets or misrepresent to the court the amount of assets she had available. But the record supports the trial court's finding. Dang presented evidence that, according to Vu's bank records, she withdrew cash of $140,000 on September 6, 2011, and $25,506 on October 21, 2011, neither of which were accounted for in her financial declaration, filed in November 2011.[23] On the fourth day of trial, after considerable testimony from Vu tracing the deposits and withdrawals from her various bank accounts, the trial court asked the parties to meet during a recess to determine whether Vu had assets of approximately $165,000 available at the date of separation. After the recess, Vu confirmed that she had "$165,806, including her payroll

---

[19] In re Marriage of Greenlee, 65 Wn. App. 703, 708, 829 P.2d 1120 (1992).

[20] Id.

[21] In re Marriage of Foley, 84 Wn. App. 839, 846, 930 P.2d 929 (1997).

[22] Clerk's Papers at 17-18.

[23] Vu's financial declaration, filed on November 16, 2011, claimed that her available assets included $20 cash on hand and $1,000 on deposit in banks.

income."[24] Had this amount been previously disclosed, the parties could have avoided spending a large amount of time tracing Vu's bank account activity to determine the actual amount of assets available to her at separation. As such, the trial court did not abuse its discretion in finding Vu was intransigent by failing to disclose her available assets.

Vu argues that her health was poor and that she needed the money withdrawn to pay for various expenses. Neither of these alleged facts account for her failure to timely disclose the amount of assets she had at the date of separation. Additionally, she argues Dang objected to her withdrawal of $45,000 in August 2012. But because that withdrawal happened after the date of separation it was not relevant to the finding of intransigence.

Vu also argues that Dang was intransigent because he concealed assets at trial. Because this argument was not presented below, we do not review it on appeal.[25]

*Reimbursement of Expenses*

Vu argues that the trial court erred by refusing to reimburse her for expenses she claims benefited the community, by reimbursing her for only half the cost of heating oil, and by failing to order a specific amount of reimbursement for the overpayment of utilities. We disagree.

A dissolution is an equitable proceeding in which the trial court has broad discretion to fashion remedies.[26]

---

[24] Report of Proceedings (Nov. 15, 2012) at 384.

[25] See RAP 2.5(a); McFarland, 127 Wn.2d at 332-33.

[26] In re Marriage of White, 105 Wn. App. 545, 549, 20 P.3d 481 (2001).

Here, the trial court exercised its discretion by declining to reimburse Vu for several expenses:

> The wife made a claim for various expenses advanced by her during the parties' separation. The court finds the following expenses were not made for the benefit of the community, or of Mr. Dang:
>
> 1. The hotel bill in the amount of $278.75;
>
> 2. The alarm installation of $1,887.66, which will not be used by Mr. Dang;
>
> 3. The cost to change locks on Mr. Dang's house in the amount of $208.05;
>
> 4. The wife's medical expenses incurred post separation in the amount of $4,681.09.[27]

While Vu claims that all of these expenses were necessary for her health and safety, she does not present persuasive authority or argument that the trial court was compelled to order Dang to reimburse her for these particular expenses. Therefore, she has not met her burden to show that the trial abused its discretion.

As to the cost of refilling a furnace oil tank at the home, the trial court expressly found the oil was "for the benefit of the community."[28] Vu argues she did not use any oil and should have been reimbursed for the full amount and not just half the cost of the oil. But it was within the broad discretion of the trial court to find that the fuel oil was purchased for the benefit of the community and should be split equally by the parties.

Finally, Vu argues that the trial court should have ordered Dang to provide utility billing statements to show that she was correctly reimbursed for her overpayment of any utilities. But because she does not claim that the reimbursement she received from

---

[27] Clerk's Papers at 18.

[28] Id.

9

Dang was incorrect and she did not raise the concern in the trial court, she does not establish any basis for relief on appeal.

### Order to Vacate Home

Vu argues that on a day that she was not present in court due to illness, the trial court improperly entered an order requiring her to vacate Dang's home. When the order was entered, Vu's attorney was present in court and represented her interests. Vu cites no authority that the trial court abused its discretion merely because she was absent but her attorney was present when the trial court made this ruling.

### Vu's Testimony

Vu argues that she was not given enough time to testify about her spousal abuse, financial issues, or health concerns. Out of the four days of trial, Vu testified for most of two days. Her briefing does not identify any matters that she would have testified to that would have affected the outcome of this case. Vu does not establish she was denied ample time to testify.

Vu argues that the trial court erred by refusing to allow her to testify as to her lay opinion regarding her medical and mental health issues. This claim is not supported by the record. Rather, the trial court excluded any testimony regarding the causation of her medical diagnoses because she was not qualified as a medical expert. Additionally, she cites no persuasive authority in support of this argument.

### Date of Separation

Vu argues that the trial court erred in finding that the date of separation was April 30, 2011, rather than November 10, 2011, when Dang filed for dissolution. Because substantial evidence supports the trial court's finding, we disagree.

Dang testified that he moved out of the home in April 2011 and began sleeping at his sister's home. He also testified that by April 2011, he had made it clear to Vu that he was not interested in reconciliation. Based upon this testimony, there was substantial evidence that the parties separated in April rather than November.

*Other Matters*

Vu makes various other arguments that are not supported by citation to the record or to persuasive authority. We find none of them persuasive.

Vu argues that the trial court erred by appointing her attorney to take her to the emergency room when she was ill during trial rather than calling 911. It is unclear how this claim affects the legal determinations in this case. Because Vu does not show how this action prejudiced her in any way, this argument is not persuasive.

Vu argues that the trial court should have continued the trial due to her poor health. She ignores the fact that the trial court did continue her trial nearly a month due to her poor health, from October 17 until November 14. Even so, this argument is not persuasive because she does not point to anywhere in the record where she requested such an additional continuance.[29]

Vu argues that her attorney intimidated her, threatened her, controlled her, and did not effectively advocate for her. As a result, she contends that she "just said yes to everything."[30] The record before us does not reflect any such duress, intimidation or abuse. She does not explain why she was unable to raise this before the trial court in a posttrial motion. And Vu cites no authority that she is entitled to relief for alleged ineffective assistance of counsel in a civil trial.

---

[29] See RAP 2.5(a); McFarland, 127 Wn.2d at 332-33.

[30] Appellant's Opening Br. (Amended) at 13.

Vu argues that the trial court was biased against her and, as a result, ruled against her on most issues. She claims that the source of that bias was a letter she sent to another judge complaining that the trial court entered the order to vacate the home outside of her presence. This argument was not raised below,[31] and the letter she relies upon is not included in the appellate record.[32] Vu does not establish any bias.

For the first time in her reply brief, Vu argues that she should have been awarded attorney fees below. Arguments raised for the first time in a reply brief generally will not be considered.[33]

Finally, Vu presents extensive argument about alleged abuse she suffered by Dang. Allegations of spousal abuse are always troubling, but Vu does not explain how the alleged abuse had any impact on the legal questions before the trial court during the dissolution.

### Attorney Fees on Appeal

Vu seeks attorney fees under RAP 18.1 and RCW 26.09.140. We may award attorney fees after considering the relative resources of the parties and the merits of the

---

[31] See RAP 2.5(a); McFarland, 127 Wn.2d at 332-33.

[32] State v. Vazquez, 66 Wn. App. 573, 583, 832 P.2d 883 (1992) ("party seeking review has the burden of perfecting the record so that the reviewing court has before it all the relevant evidence" to the issues raised on appeal); State v. Wheaton, 121 Wn.2d 347, 365, 850 P.2d 507 (1993) (where the record is inadequate for review of an issue, an appellate court will not reach the issue).

[33] Cowiche Canyon, 118 Wn.2d at 809 ("An issue raised and argued for the first time in a reply brief is too late to warrant consideration.").

appeal.[34] Because Vu's appeal is meritless and she was awarded substantial property in the dissolution, we decline to award her attorney fees on appeal.

Dang also requests an award of attorney fees under RAP 18.9, claiming that Vu's appeal is frivolous. An appeal is frivolous if there are no debatable issues on which reasonable minds can differ and is so totally devoid of merit that there was no reasonable possibility of reversal.[35] The court considers the record as a whole and resolves all doubts against finding an appeal frivolous.[36]

Here, reviewing the record as a whole, Vu's appeal is frivolous. Her descriptions of the proceedings below are contrary to the record and her arguments are not supported by legal authority. Accordingly, we award Dang attorney fees and costs as sanctions against Vu for this frivolous appeal, subject to Dang's compliance with RAP 18.1.

We affirm the trial court.

WE CONCUR:

---

[34] In re Marriage of Valente, ___ Wn. App. ___, 320 P.3d 115, 122 (2014).

[35] In re Recall of Charges Against Feetham, 149 Wn.2d 860, 872, 72 P.3d 741 (2003).

[36] Delany v. Canning, 84 Wn. App. 498, 510, 929 P.2d 475 (1997).