# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

In the Matter of the Marriage of

DIANE H. BEELER,

                     Appellant,

and

MICHAEL D. BEELER,

                     Respondent.

No. 54199-8-II

UNPUBLISHED OPINION

MAXA, J. – Diane Good (formerly known as Beeler) appeals the trial court's distribution of the sale proceeds of a house in California in the dissolution of her marriage to Michael Beeler.

We hold that the trial court did not err in (1) its characterization of the parties' California house as community property, and (2) not awarding Good reimbursement for paying off the house's mortgage with separate property funds. Accordingly, we affirm the trial court's property distribution.

## FACTS

Good and Beeler were married in April 2002 in California. They separated in October 2017. Both parties have children from prior marriages but have no children together.

On August 2, 1999, while the parties were dating, Good purchased a house in Ventura, California. Beeler moved into the house with Good two months later.

A few days after they were married in 2002, the parties formed the "Beeler Trust," naming themselves as co-trustees. The trust agreement stated, "We declare all property, whether or not transferred to this trust, which we hold in joint tenancy is our community property and so held for convenience only." Ex. 6 at 2. On the same day, Good executed a quitclaim deed transferring the Ventura house to herself and Beeler, as trustees of the Beeler trust, as community property.

In November 2013, Good and Beeler as trustees executed a second quitclaim deed transferring the Ventura house to Good and Beeler as husband and wife "as joint tenants with right of survivorship." Ex. 3.

The parties lived in the Ventura house for 14 years, both contributing to the mortgage payments. During this time, they refinanced the home at least three times. In 2015, Good used $314,665.63 from a $1.4 million inheritance she received to pay off the house's mortgage.

In October 2016, the parties sold the Ventura house for $700,000. They received $654,640.83 in net proceeds. After selling the house, the parties moved to Washington.

Good petitioned for dissolution in December 2017. One of the issues the parties contested was distribution of the proceeds from the sale of the Ventura house. Good argued that she was entitled to a credit for the $314,665.63 she paid before the remaining house sale proceeds were divided equally.

The trial court acknowledged that the Ventura house originally was Good's separate property when she acquired it before marriage. But the court found that Good intended to convert the property into community property when she executed the Beeler Trust agreement and the April 2002 quitclaim deed. And the court found that although the November 2013 quitclaim deed transferred the property to the parties as joint tenants, the Beeler trust stated that property

2

held by the parties as joint tenants was their community property. The court concluded that clear and convincing evidence existed to show that Good intended the Ventura house to be community property.

The trial court noted that Good used $314,665.63 from her separate property inheritance to pay off the mortgage on the Ventura house. However, the court declined to deduct that amount from the sale proceeds because once Good used her separate funds to pay off the mortgage, those funds "ceased to exist as a separate asset, and lost whatever character it previously had. In effect, it merged into the home without altering the home's community character, whether or not [Good] intended a gift and whether or not [Good] later traced her contribution to her separate inheritance." Clerk's Papers (CP) at 121.

To effectuate a just and equitable distribution, the trial court ordered that the proceeds from the sale of the Ventura house be split equally. After dividing the remainder of the parties' property, the court ordered Good to make a transfer payment to Beeler of $78,569.16.

Good appeals the trial court's ruling in the dissolution decree regarding the distribution of the sale proceeds from the Ventura house.

## ANALYSIS

A.     CHARACTERIZATION OF VENTURA HOUSE

Good argues that the trial court erred in characterizing the Ventura house as community property. We disagree.

A trial court's characterization of property as separate or community is a mixed question of law and fact. *In re Marriage of Schwarz*, 192 Wn. App. 180, 191-92, 368 P.3d 173 (2016). The time and method of acquisition and the donor's intent are questions of fact. *Id.* at 192. We review the trial court's factual findings regarding these issues for substantial evidence. *Id.* But

the ultimate characterization of property as separate or community is a question of law, which we review de novo. *Id.*

Good executed a quitclaim deed for the Ventura house to both Good and Beeler "as community property." Ex. 2. Good and Beeler lived in the Ventura house for 14 years, both contributing to the mortgage. They refinanced the mortgage on the house at least three times. These facts support the conclusion that the Ventura house was the parties' community property.

Good argues that the Ventura house ceased to be community property when the parties as trustees executed the November 2013 quitclaim of the Ventura house to themselves as joint tenants. However, the Beeler trust agreement expressly stated that "[w]e declare all property, whether or not transferred to this trust, which we hold in joint tenancy *is our community property*." Ex. 6 (emphasis added). This clause unambiguously stated that property the parties hold as joint tenants is their community property. And the trust language was not limited to property that Good and Beeler held as joint tenants *at the time the trust was executed.* Instead, the trust agreement referred to all of the property held as joint tenants. Further, there is no evidence that when they executed the 2013 deed, Good and Beeler took any steps to modify this aspect of the trust or its language.

Good also emphasizes that she used a portion of her inheritance to pay off the house's mortgage. An inheritance generally is characterized as separate property. *Schwarz*, 192 Wn. App. at 188. But using separate property funds to pay expenses related to community property does not transform the property from community property to separate property. *See In re Estate of Borghi*, 167 Wn.2d 480, 491 n.7, 219 P.3d 932 (2009) (plurality opinion) (community property contributions to a property's mortgage does not transmute property from separate to community property); *In re Marriage of White,* 105 Wn. App. 545, 551, 20 P.3d 481 (2001)

(parties' home remained characterized as community property even after the wife used part of her separate-property inheritance to pay it off). Consequently, the Ventura house remained community property at the time of its sale.

We conclude that substantial evidence supports the trial court's factual finding that Good intended the Ventura house to be community property. Therefore, we hold that the trial court did not err in determining that the proceeds from the sale of the house were community property.

B.    NO RIGHT TO REIMBURSEMENT FOR PAYMENT OF MORTGAGE

Good argues that even if the trial court correctly characterized the Ventura house as community property, the trial court erred in not awarding her reimbursement for the separate property funds she used to pay off the mortgage. We disagree.

1.    Legal Principles

RCW 26.09.080 states that the trial court in a dissolution proceeding must make "just and equitable" distribution of property based on all relevant factors, including four statutory factors. All property, both community and separate, is subject to distribution. *In re Marriage of Doneen*, 197 Wn. App. 941, 948, 391 P.3d 594 (2017). And the property distribution need not be equal or mathematically precise. *Id.* at 949. The only requirement is fairness. *Id.*

When distributing property, the trial court is in the best position to determine what is fair, just, and equitable under the circumstances. *Id.* Therefore, we will not reverse the trial court's distribution unless the court manifestly abused its discretion. *Id.*

A party may be entitled to reimbursement when the community benefits from the use of that person's separate property. *See In re Marriage of Miracle*, 101 Wn.2d 137, 139, 675 P.2d 1229 (1984). We review the trial court's equitable reimbursement decision for abuse of discretion. *Id.*

     2.    Analysis

This court addressed a similar reimbursement claim in *White*, 105 Wn. App. 545. In that case, the wife used an inheritance – her separate property – to pay off the mortgage on the community house. *Id*. at 547. In a dissolution proceeding, she requested an award of that amount before the remaining value of the house was divided equally. *Id.* The trial court agreed, ruling that the amount paid remained separate property to which she was entitled unless the husband could prove that she intended to gift that amount to the community. *Id.* at 548.

This court noted that the trial court had broad discretion in distributing property, which included awarding the wife additional funds for her use of separate property to pay off the parties' community debt. *Id.* at 551. However, the court stated that the trial court's analysis was incorrect. *Id.* at 552-53. The court emphasized that once the wife paid off the mortgage, that amount "ceased to exist as a separate asset, and it lost whatever character it previously had." *Id.* at 552. Therefore, that amount could not be awarded as separate property. *Id.* at 553.

The court also referenced the wife's possible equitable reimbursement claim. The court stated:

> Such a right is rarely important in a dissolution action, because with or without it the court has broad discretion when distributing property and debts; a dissolution court can award property to either spouse in the absence of such a right, or a dissolution court can decline to award property to either spouse in the presence of such a right. Such a right has little importance here, for its existence or nonexistence is merely one factor to be considered.

*Id.* at 554.

Here, the parties both contributed to the Ventura house's mortgage payments. They refinanced the house at least three times. Good then paid off the mortgage. The trial court correctly found that Good's use of her separate funds to pay off the mortgage caused those funds to cease to exist as a separate asset. The court expressed its desire to effectuate a "fair, just and

6

equitable distribution" of the parties' property, regardless of how the property was characterized. CP at 119. With all this in mind, the court ordered the proceeds of the sale of the Ventura house to be divided equally. The trial court was in the best position to determine what was fair, just, and equitable under these circumstances. *Doneen*, 197 Wn. App. at 949.

Good argues that we should reverse because the trial court believed that it could not provide reimbursement to her under *White*. But there is no indication in the record that the trial court did not know that it had the discretion to account for Good paying off the mortgage in the property distribution if the court believed that such a result would be fair.

We conclude the trial court properly exercised its broad discretion to distribute the parties' property in this manner. Therefore, we hold that the trial court did not abuse its discretion in deciding not to award Good a right to reimbursement.

CONCLUSION

We affirm the trial court's property distribution.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

GLASGOW, A.C.J.

VELJACIC, J.

7