IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| In the Matter of the Marriage of<br><br>TOSHIHIDE TANIMURA,<br><br>                      Respondent,<br><br>         v.<br><br>SATOKO TANIMURA,<br><br>                   Appellant. | No. 87760-7-I<br><br>ORDER DENYING MOTION<br>FOR RECONSIDERATION AND<br>MOTION TO PUBLISH,<br>WITHDRAWING OPINION,<br>AND SUBSTITUTING<br>OPINION |

Appellant, Satoko Tanimura, has moved for reconsideration of the unpublished opinion filed on March 9, 2026. The appellant also moved to publish the opinion. The panel has considered the motions pursuant to RAP 12.4 and has determined that the motions should be denied, the opinion should be withdrawn, and a substitute opinion be filed.

Now, therefore, it is hereby

ORDERED that the appellant's motion for reconsideration and motion to publish is denied; and it is further

ORDERED that the unpublished opinion filed on March 9, 2026, is withdrawn; and it is further

ORDERED that a substitute unpublished opinion be filed.

Díaz, J.

Feldman, J.

, ACJ

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

In the Matter of the Marriage of

TOSHIHIDE TANIMURA,

                    Respondent,

        v.

SATOKO TANIMURA,

                    Appellant.

No. 87760-7-I

DIVISION ONE

UNPUBLISHED OPINION

DÍAZ, J. — Toshihide Tanimura petitioned for divorce from his ex-wife, Satoko Tanimura, and asked the court to distribute their property. The court credited cryptocurrency which Toshihide[1] had purchased and then lost as part of his share of the community property. Satoko claims the court erred by setting the value of the cryptocurrency at its purchase price rather than its alleged market value at the time of their trial. We conclude the court did not err because it had substantial evidence for its valuation, and we affirm.

---

[1] Because the parties share a last name, we refer to them by their first names to avoid confusion. We intend no disrespect.

I.    BACKGROUND

Toshihide and Satoko married in April 1996 and separated in June 2023. Trial was held in January 2025.

In the court's overall distribution of their assets and liabilities, it awarded Satoko 53% of the total community property and awarded Toshihide 47%. Among that property was cryptocurrency Toshihide had purchased during the marriage with community funds without notifying Satoko.

At trial, Toshihide testified he no longer had access to this asset. He explained he had lost a small physical device containing the code to access the cryptocurrency because he had forgotten about it after putting it under the seat of a vehicle which subsequently broke down. For her part, Satoko argued the court should value the cryptocurrency based on its increased market price at the time of trial before deciding how to divide it.

Though the court voiced some skepticism with regard to both parties' presentation of facts about the cryptocurrency, it found Toshihide had credibly testified the currency was lost and unlikely to be found. And the court decided to distribute the property as an asset to Toshihide in the amount of shared funds he had used to buy it, such that he alone absorbed its loss. Thus, under the label "Crypto Investment (*lost*)," the court valued the cryptocurrency at "$43,000" and included it as community property awarded to Toshihide.

II.    ANALYSIS

Satoko claims the court erred in distributing the cryptocurrency to Toshihide at its purchase price of $43,000 rather than at its alleged market value at the time

of trial. Her opening brief also argues we should hold that the court erred, as a matter of law, to the extent it based its reasoning on evidence about the cryptocurrency's worth at the time of separation. However, she later concedes, "the only issue before the Court is about the value at which the cryptocurrencies should be disposed of under RCW 26.09.080." We agree that is the dispositive issue.

Property valuation in marital dissolution proceedings is a question of fact which we review for substantial evidence. In re Marriage of Porter, 3 Wn.3d 579, 588, 555 P.3d 379 (2024). In reviewing for substantial evidence, we defer to the factfinder on matters of witness credibility and the persuasiveness of evidence. In re Marriage of Akon, 160 Wn. App. 48, 57, 248 P.3d 94 (2011). "Substantial evidence exists if the record contains evidence of sufficient quantity to persuade a fair-minded, rational person of the truth of the declared premise." In re Marriage of Griswold, 112 Wn. App. 333, 339, 48 P.3d 1018 (2002) (quoting Bering v. SHARE, 106 Wash.2d 212, 220, 721 P.2d 918 (1986)). Under this standard, we hold that substantial evidence supports the court's decision to value the cryptocurrency at its purchase price of $43,000.

First, we note that the court made a number of credibility determinations as it reached its decision about how to value the cryptocurrency. In particular, it considered whether Toshihide had credibly explained that he had indeed lost the currency, contrary to Satoko's suggestion that he might end up finding it. "[O]verall, the Court found [Toshihide] sincere in his testimony and therefore credible." The court also found that Satoko herself confirmed that the car in which

3

he claimed he left the code to the cryptocurrency had in fact broken down, thereby partially corroborating his account. We leave these credibility determinations undisturbed. Akon, 160 Wn. App. at 57. Thus, we do not have an ever-growing asset.

Instead, we are left to assess whether there is substantial evidence for the remaining findings the court made to support its decision to value the cryptocurrency at its purchase price. Namely, the court found it "was not presented with sufficient proof of the value of the cryptocurrency as of the date of separation" because "the exhibits presented showed a volatile market for this asset." It elaborated that, on the one hand, the trial exhibits had shown "significant changes in values, showing spikes and valleys" and neither party had provided it with "any credible testimony attesting to the value of the cryptocurrency . . . on the date of separation." "On the other hand," the court reasoned, it had "received undisputed testimony that [Toshihide] used $43,000 of community funds to purchase the cryptocurrency." Id. We hold that the following evidence provides a basis to persuade a fair-minded rational person of these findings. Griswold, 112 Wn. App. at 339.

The court heard testimony that Toshihide purchased the cryptocurrency for $43,000. It also heard testimony, and the exhibits showed, that the market value for cryptocurrency fluctuated from when Toshihide purchased it to when he lost it, and again from the time of the parties' separation to trial. The court thus had substantial evidence to conclude that it lacked information as to the value per unit,

unless it chose to "speculate on my own as to where it was on the graph," which it declined to do.

In short, Satoko has not shown the record lacks a basis for finding the cryptocurrency's market price was inconsistent and there was incomplete information about its value at the date of separation, in contrast to the amount of communal funds Toshihide had spent which was undisputedly $43,000.

In response, Satoko makes several additional arguments which are unavailing. First, she repeatedly avers Toshihide committed "fraud" by purchasing the cryptocurrency without her knowledge, and, therefore, that the court erred in the "measure of damages" it awarded.

The court, however, was not required to make any finding as to whether Toshihide committed "fraud." Nor did the court refuse to base its division of community property on such a finding. Instead, the court found that Toshihide had acted in an irresponsible manner and factored that finding into its valuation, stating: "the Court has accounted for his significant loss in sound judgment in keeping such a valuable asset in his car by awarding [Satoko] more of the community assets, about $60,000 more, and making [Toshihide] singularly bear the loss of this asset in the distribution."

Satoko next contends that "RCW 26.09.080 required the trial court to dispose the cryptocurrencies at [their] value as of the date of the trial." That statute says no such thing, nor do any of the cases Satoko cites. On the contrary, this court has held that courts in divorce proceedings have broad discretion to pick an

equitable date on which to assign value to property. <u>Koher v. Morgan</u>, 93 Wn. App. 398, 404, 968 P.2d 920 (1998).

Finally, for the first time in reply, Satoko asserts the court erred by awarding Toshihide the cryptocurrency as his *separate* property. That is inaccurate in light of the record which shows it was distributed as his portion of community property.[2]

### III.    CONCLUSION

We affirm.[3]

*Díaz, J.*

WE CONCUR:

*Feldman, J.*                                        *,ACJ*

---

[2] Satoko also requests fees on appeal under RCW 26.09.140. As the trial court found, she has not established that she is entitled to fees *vis-à-vis* Toshihide's financial resources. Thus, fees are not warranted. <u>In re Marriage of Harrington</u>, 85 Wn. App. 613, 635, 935 P.2d 1357 (1997).

[3] Citing <u>In re Marriage of White</u>, 105 Wn. App. 545, 550, 20 P.3d 481 (2001), Satoko argues for the first time in a subsequently-filed motion for reconsideration that the trial court did not have authority to dispose of the cryptocurrency because it was at the time of trial a "lost asset." Satoko did not assert this argument, nor did she cite or discuss <u>White</u>, in her appellate briefs. To the contrary, Satoko argued in her reply brief that the court should not consider any such argument regarding the trial court's authority because Toshihide had failed to present it below and that the only issue properly before this court was how to value the cryptocurrency upon distribution to Toshihide. This court addressed the valuation issue as presented by the parties, and we express no opinion regarding a trial court's authority to dispose of a lost or wasted asset where that issue is properly presented for decision. Satoko's motion for reconsideration is accordingly denied.