[No. 49830–0. En Banc. February 9, 1984.]

*In the Matter of the Marriage of* JANICE KAY
MIRACLE, *Petitioner, and* HARRY M.
MIRACLE, *Respondent.*

STAFFORD, J., did not participate in the disposition of this case.

*Leonard W. Smith* and *Richard Solberg,* for petitioner.

*Felice & Clayton,* by *Victor J. Felice,* for respondent.

DIMMICK, J.—In a dissolution proceeding, may the trial court offset the community's beneficial use of one spouse's

separate asset against the amount of community funds expended toward that property? Our affirmative answer necessarily reverses the Court of Appeals remand in this case and affirms the trial court's ruling.

Janice and Harry Miracle were married in 1974. At the time of marriage Mrs. Miracle owned two houses awarded her from a previous marriage. One of these homes was used as a family residence until 1980 when the house was sold. The Miracles separated in 1981.

During the marriage, the Miracles had one joint checking account into which all funds were deposited, whether wages or rental income. All payments on the purchase contracts and upkeep expenses for both houses were paid from the joint account.

After trial in the dissolution proceeding, the trial court found that the community had paid from $124 to $151 per month toward the purchase contract payments on the family residence. Mr. Miracle had provided no personal services, nor were any improvements made to the home. The trial court also determined that the reasonable rental value of the residence over the period of the marriage was $250 to $300 per month. The trial court then concluded that the reasonable rental value exceeded the payments that the community had made on the home, and therefore these payments constituted reasonable rental for the premises and the benefits which it afforded the community.

Mr. Miracle appealed the trial court's property distribution, raising numerous issues in the Court of Appeals, including the validity of offsetting the family's beneficial use of the home against the community funds expended on the home. The Court of Appeals rejected all of his contentions except the trial court's offset for beneficial use. The Court of Appeals remanded on this issue implying that the trial court had erred in failing to impress Mrs. Miracle's separate property with an equitable lien in favor of the community for the community funds expended on the family residence. The trial court was ordered to determine the amount the community paid on the purchase contract, with

Mr. Miracle to be awarded one–half of that amount. Mrs. Miracle petitioned this court for review of the Court of Appeals remand. Mr. Miracle did not cross–petition.

We believe that the trial court properly refused to impose an equitable lien in favor of the community in view of the finding that the community had been adequately compensated for its expenditures by its beneficial use of the premises. An equitable lien is a remedy intended to protect one party's right to reimbursement. *In re Marriage of Harshman*, 18 Wn. App. 116, 567 P.2d 667 (1977); Cross, *The Community Property Law in Washington*, 49 Wash. L. Rev. 729, 776 (1974). A right to reimbursement may not arise if the contributing spouse received a reciprocal benefit flowing from the use of the property. *Merkel v. Merkel*, 39 Wn.2d 102, 234 P.2d 857 (1951); *In re Estate of Woodburn*, 190 Wash. 141, 66 P.2d 1138 (1937); *In re Marriage of Johnson*, 28 Wn. App. 574, 625 P.2d 720 (1981); *In re Marriage of Harshman, supra.* In that case, equity will find that the contributing spouse has already been reimbursed. Cross, 49 Wash. L. Rev. at 777 n.220, 779.

In a dissolution proceeding, the trial court is required to "do equity." *See* RCW 26.09.080; *Baker v. Baker*, 80 Wn.2d 736, 498 P.2d 315 (1972). The trial court must take into account all the circumstances in deciding whether a right to reimbursement has arisen. The trial court *may* impose an equitable lien to protect the reimbursement right when the circumstances require it. *See* Cross, 49 Wash. L. Rev. at 776–77. We review the trial court's decision only for abuse of discretion. *Baker,* at 747.

We cannot find that the trial court abused its discretion in refusing to recognize a right to reimbursement in this case. The Court of Appeals is reversed and the trial court judgment reinstated.

WILLIAMS, C.J., ROSELLINI, UTTER, BRACHTENBACH, DOL-LIVER, DORE, and PEARSON, JJ., and CUNNINGHAM, J. Pro Tem., concur.