[No. 36863-0-I.    Division One.    July 21, 1997.]

*In the Matter of the Marriage of* CHERYL R.
MARSHALL, *Appellant,* and JAMES L. BAGGS,
*Respondent.*

*Kurt Lichtenberg*, for appellant.
*John Fox*, for respondent.

KENNEDY, A.C.J. — Cheryl Marshall appeals the trial court's findings, conclusions, and decree of dissolution of marriage contending, inter alia, that the court erred in failing to impose an equitable lien in her favor for the reasonable rental value of her separate residence, in which the parties resided during the marriage. Because Ms. Marshall sought to impose the lien on community property generally, and because she failed to provide direct evidence of separate contributions to specific items of community property on which she asserted her lien, we hold that the trial court did not abuse its discretion in refusing to impose the equitable lien. We thus affirm the court's findings, conclusions, and decree of dissolution of marriage.[1]

## FACTS

Cheryl Marshall and James Baggs were married on May

---

[1]Ms. Marshall's remaining challenges are treated in the unpublished portion of this opinion.

11, 1990, and separated on December 24, 1993. No children were born of the marriage.[2] Ms. Marshall brought a petition for dissolution of marriage on April 13, 1994. Following trial, the court entered its findings of fact and conclusions of law, and decree of dissolution of marriage on June 15, 1995.

Throughout the marriage, the parties resided in Ms. Marshall's separate residence located on Mercer Island. Although there was no mortgage on the property, which was appraised at about $600,000, Ms. Marshall had borrowed $160,000 from a private party to acquire the property in 1985. By the terms of the loan, interest would accrue at the rate of 6 percent, compounded annually, but no payments were required for 10 years. Ms. Marshall made no payments on the loan during the marriage. The debt falling due in November of 1995 was estimated at $318,531. Although Ms. Marshall was precluded from testifying to the reasonable rental value of the property because of a lack of foundation,[3] her expert testified that a traditional 30-year fixed-rate mortgage on the property would have resulted in a monthly payment of $2,995.

By the conclusion of the marriage, the parties had accumulated community assets valued at $410,265. After subtracting separate credits from the total community assets, the court found that the net community estate was $265,505. The court divided the community estate equally between the parties, awarding $132,752.50 each to Ms. Marshall and Mr. Baggs. The court also valued the parties' separate property, awarding Ms. Marshall her separate assets totaling $562,340, and Mr. Baggs his separate assets totaling $109,255. Although the court set forth no particular separate obligations owed by Mr. Baggs, it

[2]Ms. Marshall has a daughter from a prior marriage who was 12 at the time of trial.

[3]Ms. Marshall has assigned error to the trial court's evidentiary ruling disallowing her testimony of the rental value of the home, but has provided no legal argument in support of the assignment of error. Accordingly, we decline to review the evidentiary ruling.

found that the $300,000 debt related to the purchase of the Mercer Island residence was Ms. Marshall's separate obligation.

At trial, Ms. Marshall requested a credit against community assets for the reasonable rental value of her Mercer Island residence. The trial court rejected the request, however, finding that there was "no evidence that the parties contemplated any payments by the community or by Mr. Baggs to Ms. Marshall for his occupancy of the residence during the marriage." Ms. Marshall timely appealed.

## DISCUSSION

Ms. Marshall contends that the trial court abused its discretion in failing to impose an equitable lien in her favor against the community estate for the reasonable rental value of her separate real property. Mr. Baggs responds that there is no legal basis for the imposition of such a lien, and thus the trial court did not err in failing to impose one. We agree with Mr. Baggs.

An equitable lien is a remedy designed to protect a party's right to reimbursement. *In re Marriage of Miracle*, 101 Wn.2d 137, 139, 675 P.2d 1229 (1984); Harry M. Cross, *The Community Property Law in Washington*, 61 WASH. L. REV. 13, 67 (1986). Because a trial court is required to "do equity" in a dissolution proceeding, it must take into account all relevant circumstances in deciding whether a right to reimbursement has arisen. *Miracle*, 101 Wn.2d at 139. As Washington commentators have explained:

> Equitable liens do not apply to property generally. They must attach to a specific property on a specifically documented theory. Equitable liens have principally been applied to favor the community, and not in favor of the separate property interest of either of the parties. Most importantly, equitable liens are applied by Washington courts to assist a party in need of equity.

GORDON W. WILCOX & THOMAS G. HAMMERLINCK, WASH-

INGTON FAMILY LAW DESKBOOK, § 38.6 at 38-20 (1989 & Supp. 1996). This court reviews a trial court's decision to grant or deny an equitable lien only for abuse of discretion. *Miracle*, 101 Wn.2d at 139.

Ms. Marshall concedes that there are no Washington cases in direct support of her argument that her separate estate is entitled to an equitable lien against the community estate for the reasonable rental value of her separate real property. Citing *Miracle* and *In re Marriage of Pearson-Maines*,[4] however, Ms. Marshall argues that there is "ample authority" which, by analogy, permits the imposition of such a lien. We disagree. In both *Miracle* and *Pearson-Maines*, the issue was whether an equitable lien should have been imposed in favor of a community estate for reimbursement of community funds expended on one party's separate real property, when the community also derived a benefit from the use of the property. The courts in both cases held that the trial court could offset the community right of reimbursement against the benefit received by the community for the use and enjoyment of the property. *See Miracle*, 101 Wn.2d at 139; *Pearson-Maines*, 70 Wn. App. at 870.

*Miracle* and *Pearson-Maines* do not support Ms. Marshall's argument on appeal. Rather than seeking reimbursement for contributions which enhanced the value of a specific item of community property, Ms. Marshall is seeking reimbursement against the community assets in toto for the general use of her separate property. Washington law does not support such a claim. "Equitable liens do not apply to property generally. They must attach to a specific property on a specifically documented theory . . . . The claim for an equitable lien must be supported by direct evidence of a contribution to the property on which the lien is asserted." GORDON W. WILCOX & THOMAS G. HAMMERLINCK, WASHINGTON FAMILY LAW DESKBOOK, § 38.6 at 38-20, 38-21 (citing *Guye v. Guye*, 63 Wash. 340, 352-53, 115 P. 731 (1911)). *See also Farrow v. Ostrom*, 16

---

[4] 70 Wn. App. 860, 855 P.2d 1210 (1993).

Wn.2d 547, 555-56, 133 P.2d 974 (1943) (holding that equity will impress a lien on community property "in favor of one who is clearly shown to have contributed separate funds to its acquisition or to the enhancement of its value thereafter."); 4 JOHN NORTON POMEROY, A TREATISE ON EQUITY JURISPRUDENCE, § 1234 at 693-95 (5th ed. 1941) (theory of equitable liens has ultimate foundation in contracts, express or implied, which either deal with or in some manner relate to specific property; equity regards such contracts as creating a charge upon the specific property rather than a right to a general pecuniary recovery such as would be granted by a court of law).

Because Ms. Marshall sought to impose the lien on community property generally, and failed to provide direct evidence of contributions to specific items of community property on which she asserted her lien, we conclude that the trial court did not abuse its discretion in refusing to impose the equitable lien.[5]

Affirmed.

A majority of the panel having determined that the remainder of this opinion lacks precedential value and will not be published in the Washington Appellate Reports but will be filed of public record in accord with RCW 2.06.040, it is so ordered.

---

[5]Professor Cross provides additional support for the trial court's refusal to impose an equitable lien in this case:

> If the separate property contribution is to community property, the preference with which community property is treated militates against any right in the contributor. Further, in this case as well as where separate property is contributed to the other spouse's separate property, there is a probability that the contribution is a gift; the presumption of a gift when one spouse purchases property with separate funds taking title in the other spouse's name furnishes a close analogy.

H. Cross, *The Community Property Law in Washington*, 61 WASH. L. REV. at 69 (footnote omitted). Here, the trial court found "no evidence that the parties contemplated any payments by the community or by Mr. Baggs to Ms. Marshall for his occupancy of the residence during the marriage." The court's finding, which is supported by the record, in turn supports a conclusion that the contribution by Ms. Marshall of the rental value of her separate residence was a gift to the community.

WEBSTER and ELLINGTON, JJ., concur.