FILED
COURT OF APPEALS
DIVISION II

2014 JUN -3 AM 8:35

STATE OF WASHINGTON
BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In re the Marriage of: | No. 43994-8-II |
| DEBORAH SHAWN TANNER, | |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| ANTHONY DARRELL TANNER, | |
| Respondent. | |

LEE, J. — Deborah Tanner and Darrell Tanner[1] divorced after 10 years of marriage. The sole issue before the trial court was property distribution. Deborah appeals the trial court's property distribution decision arguing that the trial court erred by (1) mischaracterizing some of her separate property as community property, (2) concluding Deborah was not entitled to equitable reimbursement for paying community debt with funds from her separate property, (3) disproportionately distributing the property, and (4) denying her request for attorney fees. Deborah also requests attorney fees on appeal based on both the attorney fees statute, RCW 26.09.140, and Darrell's alleged intransigence. We affirm the trial court and deny Deborah's request for attorney fees on appeal.

---

[1] For clarity, we refer to Deborah Tanner by her first name. Because Anthony Tanner prefers his middle name, we refer to him as Darrell. No disrespect is intended.

FACTS

Deborah and Darrell were married on February 14, 2001, and they separated on February 19, 2011. On February 23, 2011, Deborah filed a petition for dissolution of marriage and requested a just and equitable distribution of the parties' property and debts. A trial was held on August 8, 2012.

When the parties married, Darrell owned several classic cars and was renting a property located on Chico Way NW. After the marriage, Deborah and Darrell purchased the Chico Way home with community funds earned from Darrell's business, Olympic Home Inspections (OHI). After they purchased the Chico Way home, Deborah and Darrell used it as a rental property. Prior to the marriage, Deborah owned a home in Miller Bay Estates.

After the parties married, Deborah sold her home in Miller Bay Estates and used the proceeds from the sale as a down payment on a home on Miller Bay Road. Deborah and Darrell moved into the Miller Bay Road home and lived there for the duration of their marriage. After purchasing the Miller Bay Road home, Darrell executed a quit claim deed granting Deborah the Miller Bay Road home as her separate property. Darrell testified that, at the time, the parties had an understanding that the Chico Way property was his, and the Miller Bay Road property was Deborah's.

Later in the marriage, Deborah and Darrell took out a $50,000 Home Equity Line of Credit (HELOC) on the Miller Bay Road home. Some of the money from the HELOC was deposited directly into Deborah and Darrell's joint checking account. Some of the HELOC money was used to pay off a car bought during the marriage, the mortgage on the Chico Way property, and a VISA credit card. Additionally, they lent some of the HELOC money to OHI. Shortly after the parties separated, Deborah sold the Miller Bay Road home. There were no net

proceeds from the sale of the Miller Bay Road home after the mortgage and HELOC were paid off.

Deborah and Darrell also owned several cars at the time of their separation. One of these cars was a 1951 Chevrolet panel van. Deborah testified that she purchased the Chevrolet panel van during the marriage, but used her separate funds from an earlier medical settlement. Deborah asked the court to award her the Chevrolet panel van as her separate property because she had purchased it with her separate funds. Deborah argued that the Miller Bay Road home was her separate property. She asserted that she was entitled to equitable reimbursement because the equity in the Miller Bay Road home benefitted the community by securing the HELOC, which paid off community debts. Therefore, Deborah argued that she should be awarded the Chico Way home as equitable reimbursement for her separate property interest in the Miller Bay Road home. Darrell argued that when Deborah was awarded her separate property, notably her savings and investment accounts, she would have significant liquid assets, and as a result, it would be just and equitable to award Darrell the Chico Way home and the vehicles that were in his possession.

On September 21, 2012, the trial court entered written findings of fact and conclusions of law, as well as the decree of dissolution. The trial court awarded Darrell, among other things, the Chico Way property, his business (which was not assigned a value), and many of the vehicles in his possession, including the Chevrolet panel van. The trial court awarded Deborah, among other things, three specific vehicles, all financial accounts in her name totaling $94,013.40, and the benefits derived from her previous marriage.

The trial court concluded that the property distribution was fair and equitable and clearly stated that "it would make the same distribution of assets and liabilities . . . regardless of the

characterization of any such assets . . . as community or separate." Clerk's Papers (CP) at 306.

As to Deborah's argument that the property distribution should be based on percentage division, the trial court stated:

> The Court concludes that consideration of the percentage division of values in its division of assets and liabilities is not the preferred method of distribution. The Court took into account in its division the fact that [Deborah] is awarded a substantial amount of cash assets by virtue of the IRAs and so awarding [Darrell] the Chico property is equitable. The division of the assets is fair and equitable.

CP at 306. The trial court declined to award either party attorney fees. Deborah appeals.

## ANALYSIS

Deborah argues that the trial court erred by (1) mischaracterizing the Chevrolet panel van and the Miller Bay Road home as community property, (2) refusing to award her equitable reimbursement, (3) ordering a disproportionate award of property to Darrell, and (4) failing to grant her request for attorney fees. Here, the trial court's characterization of the property is irrelevant because the characterization of the property did not affect the property distribution. As a matter of law, Deborah is not entitled to equitable reimbursement from the community estate as a whole. And, the trial court did not manifestly abuse its discretion in the overall property distribution or its decision denying attorney fees. Accordingly, we affirm.

A trial court's decision in a marital dissolution will rarely be changed on appeal. *In re the Marriage of Buchanan*, 150 Wn. App. 730, 735, 207 P.3d 478 (2009) (quoting *In re the Marriage of Williams*, 84 Wn. App. 263, 267, 927 P.2d 679 (1996), *review denied*, 131 Wn.2d 1025 (1997)). "Appellate courts should not encourage appeals by tinkering with [dissolution decisions]" because the interests of the parties are best served by the finality of the trial court's decision. *In re the Marriage of Landry*, 103 Wn.2d 807, 809, 699 P.2d 214 (1985).

Accordingly, a trial court's property distribution in a dissolution will be reversed "only if there is a manifest abuse of discretion." *In re the Marriage of Muhammad*, 153 Wn.2d 795, 803, 108 P.3d 779 (2005). A spouse challenging a trial court's decision in a dissolution bears "the heavy burden of showing a manifest abuse of discretion on the part of the trial court." *Landry*, 103 Wn.2d at 809 (citing *In re the Marriage of Konzen*, 103 Wn.2d 470, 478, 693 P.2d 97 (1985); *Baker v. Baker*, 80 Wn.2d 736, 747, 498 P.2d 315 (1972)). "The trial court's decision will be affirmed unless no reasonable judge would have reached the same conclusion." *Landry*, 103 Wn.2d at 809-10.

A. CHARACTERIZATION OF PROPERTY

Deborah argues that the Chevrolet panel van and the Miller Bay Road home were her separate property because the down payment came from her separate funds and the quit claim deed clearly establishes the parties' intent to establish the Miller Bay Road home as Deborah's separate property. However, as Darrell correctly points out, any error in the characterization of property does not require reversal.

Failure to properly characterize property may be reversible error, but mischaracterization of property is not grounds for setting aside a trial court's property distribution if the division of the property is fair and equitable. *In re the Marriage of Gillespie*, 89 Wn. App. 390, 399, 948 P.2d 1338 (1997) (citing *In re the Marriage of Shannon*, 55 Wn. App. 137, 140, 777 P.2d 8 (1989)). Reversal is necessary only when the characterization of the property is crucial to the distribution. *In re the Marriage of Langham and Kolde*, 153 Wn.2d 553, 563-64 n.7, 106 P.3d 212 (2005) (citing *Shannon*, 55 Wn. App. at 142).

Here, the trial court was explicit in its finding that the characterization of the property did not affect the distribution of property. The trial court was clear about the reasons for finding that

5

the property distribution was fair and equitable, and none of those reasons were based on the character of the property. Contrary to Deborah's assertion that "it is not clear that the trial court's division of the assets would have been the same absent this mischaracterization," the record clearly establishes that the characterization of property had no bearing on the trial court's property distribution. Br. of Appellant at 16. Accordingly, regardless of the legally correct characterization of the property, characterization of the property is not grounds for reversal in this case.

B.     EQUITABLE REIMBURSEMENT

Deborah contends that, under *In re the Marriage of Miracle*, 101 Wn.2d 137, 675 P.2d 1229 (1984), she is entitled to equitable reimbursement from the community estate for the portion of her separate property used to benefit the community. Even assuming, without deciding, that Deborah is correct in her assertion that the Miller Bay Road home is her separate property, *In re the Marriage of Marshall*[2] is clear that a party may not seek equitable reimbursement or an equitable lien against the whole of the community estate, as Deborah attempts to do here. Accordingly, Deborah's claim for equitable reimbursement fails as a matter of law.

We review the trial court's decision regarding equitable reimbursement for an abuse of discretion. *Miracle*, 101 Wn.2d at 139. In a dissolution proceeding, the trial court is required to "do equity." *Miracle*, 101 Wn.2d at 139. "The trial court *may* impose an equitable lien to protect the reimbursement right when the circumstances require it." *Miracle*, 101 Wn.2d at 139. But equitable liens do not apply to property generally and cannot be imposed against the whole community estate. *Marshall*, 86 Wn. App. at 882.

---

[2] 86 Wn. App. 878, 940 P.2d 283 (1997).

Deborah relies exclusively on *Miracle* for her proposition that she is entitled to reimbursement from the community for the contributions she made through her separate property. Specifically, Deborah argues that the equity in her separate property (the Miller Bay Road home) was used to benefit the community (through the HELOC), so she is entitled to equitable reimbursement from the community estate. Although *Miracle* establishes the availability of an equitable lien to protect a party's right to reimbursement, it does not require one. 101 Wn.2d at 139.

More importantly, *Marshall* is on point for resolving Deborah's claim. In *Marshall*, the wife sought equitable reimbursement from community assets based on the reasonable rental value of her separate residence in which the parties resided during the marriage. 86 Wn. App. at 880-81. The wife relied on *Miracle* to assert that she was entitled to equitable reimbursement based on the contribution her separate property made to the marital community. *Marshall*, 86 Wn. App. at 882. The court distinguished *Miracle* and stated:

> Rather than seeking reimbursement for contributions which enhanced the value of a specific item of community property, [the wife] is seeking reimbursement against the community assets in toto for the general use of her separate property. Washington law does not support such a claim.

*Marshall*, 86 Wn. App. at 882.

Like the wife in *Marshall*, Deborah is seeking equitable reimbursement against the community assets for a benefit derived from the equity in the Miller Bay Road home. *Marshall* prohibits such a claim. Accordingly, Deborah's claim for equitable reimbursement fails as a matter of law.

7

C.    PROPERTY DISTRIBUTION

Deborah challenges the trial court's property distribution, arguing that Darrell received a disproportionate award because he was awarded 79 percent of the *community* property. Br. of App. at 19. In a dissolution action, the trial court must order a "just and equitable" distribution of the parties' assets and liabilities, whether community or separate. RCW 26.09.080. All property is before the court for distribution. *In re the Marriage of Farmer*, 172 Wn.2d 616, 625, 259 P.3d 256 (2011). In reaching a just and equitable property division, the trial court must consider (1) the nature and extent of community property, (2) the nature and extent of the separate property, (3) the duration of the marriage, and (4) the economic circumstances of each spouse at the time the property division is to become effective. RCW 26.09.080. These factors are not exclusive. RCW 26.09.080.

The trial court has broad discretion to determine what is just and equitable. *In re the Marriage of Rockwell*, 141 Wn. App. 235, 242, 170 P.3d 572 (2007), *review denied*, 163 Wn.2d 1055 (2008). A just and equitable distribution requires fairness over mathematical precision. *In re the Marriage of Crosetto*, 82 Wn. App. 545, 556, 918 P.2d 954 (1996). "Fairness is attained by considering all circumstances of the marriage and by exercising discretion, not by utilizing inflexible rules." *In re the Marriage of Tower*, 55 Wn. App. 697, 700, 780 P.2d 863 (1989), *review denied*, 114 Wn.2d 1002 (1990). A just and equitable distribution does not necessarily mean an equal distribution. *In re the Marriage of DewBerry*, 115 Wn. App. 351, 366, 62 P.3d 525, *review denied*, 150 Wn.2d 1006 (2003). "Under appropriate circumstances . . . [the trial court] need not award separate property to its owner." *In re the Marriage of White*, 105 Wn. App. 545, 549, 20 P.3d 481 (2001).

Here, the trial court distributed 79 percent of the community property to Darrell, but in doing so, the trial court considered the large amount of liquid assets Deborah was awarded through her separate accounts and investments. It is well within the trial court's discretion to take into account a party's separate property award when determining a just and equitable distribution of community property. Deborah has not shown that the trial court manifestly abused its discretion in the distribution of property. Accordingly, we affirm.

D.    ATTORNEY FEES

Deborah appeals the trial court's decision denying her request for attorney fees. Deborah also requests attorney fees on appeal under RAP 18.1. RCW 26.09.140 provides the authority to grant attorney fees in a dissolution proceeding. RCW 26.09.140 states:

> The court from time to time after considering the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this chapter and for reasonable attorneys' fees or other professional fees in connection therewith, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or enforcement or modification proceedings after entry of judgment.
>       Upon any appeal, the appellate court may, in its discretion, order a party to pay for the cost to the other party of maintaining the appeal and attorneys' fees in addition to statutory costs.

When considering the financial resources of both parties, the court balances the financial need of the requesting party against the other party's ability to pay. *In re the Marriage of Pennamen*, 135 Wn. App. 790, 807-08, 146 P.3d 466 (2006). However, "[a]s an independent ground we may award attorney fees and costs based on intransigence of a party, demonstrated by litigious behavior, bringing excessive motions, or discovery abuses." *In re the Marriage of Wallace*, 111 Wn. App. 697, 710, 45 P.3d 1131 (2002), *review denied*, 148 Wn.2d 1011 (2003). When the

award of attorney fees is based on intransigence, the court does not consider the parties financial resources. *Wallace*, 111 Wn. App. at 710.

1. Attorney Fees at Trial

We review the trial court's decision granting attorney fees for abuse of discretion. *In re the Marriage of Spreen*, 107 Wn. App. 341, 351, 28 P.3d 769 (2001). The trial court did not abuse its discretion in denying Deborah's request for attorney fees. She asserts that Darrell had the ability to pay based on the trial court's award; however, she makes no assertion regarding her own financial need. Under the trial court's property distribution, Deborah was awarded approximately $94,000 of liquid assets. There is nothing in the record that indicates Deborah was unable to pay her own attorney fees. Further, after reviewing the record, it does not appear that Deborah ever argued to the trial court that Darrell engaged in intransigent behavior justifying an award of attorney fees. Deborah's argument that Darrell was intransigent during trial is not grounds for reviewing the trial court's decision, and the trial court did not otherwise abuse its discretion. *See* RAP 2.5(a) (a party may not raise an issue for the first time on appeal). Accordingly, we affirm the trial court's decision denying Deborah's request for attorney fees.

2. Attorney Fees on Appeal

Deborah also requests attorney fees on appeal. On appeal, she argues both intransigence and financial need. There is no indication that Darrell has engaged in any intransigent behavior through the course of this appeal. Thus, intransigence is not an appropriate basis for an award of attorney fees on appeal.

Under RCW 26.09.140, the award of attorney fees is conditioned on the financial positions of both parties. When an award of attorney fees is conditioned on financial need, each party must file a financial affidavit with this court at least 10 days prior to the date the case is set

10

for consideration on the merits. RAP 18.1(c). Neither party complied with the requirements of RAP 18.1(c). Accordingly, Deborah's request for attorney fees on appeal is denied.

We affirm the trial court.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Bjorgen, P.J.

_____
Maxa, J.