# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

In re the Marriage of:

KARA L. UNDERWOOD,

      Respondent,

    v.

ROBERT E. UNDERWOOD,

      Appellant.

No. 47643-6-II

UNPUBLISHED OPINION

SUTTON, J. — This is Robert Underwood's second appeal of the trial court's award of a judgment lien to Kara Underwood upon dissolution of their marriage in September 2012. In Robert's[1] first appeal, this court remanded to the trial court to recalculate the value of the lien against his separate property without considering projected lost profits from a failed property transaction. In this second appeal, Robert argues that the trial court did not follow our instructions on remand and erred when it (1) did not vacate the judgment lien, (2) did not properly recalculate the lien amount, (3) determined that a lien could be imposed on his separate property, and (4) did not depreciate the value of the community lien. Kara requests reasonable attorney fees and costs on appeal. We hold that the trial court followed our instructions on remand and did not abuse its discretion when it reaffirmed the lien and clarified that its award of the judgment lien did not

---

[1] We refer to parties with the same last name by first names for clarity and intend no disrespect.

consider projected lost profits from the failed property transaction. We affirm. We decline to award Kara reasonable attorney fees and costs on appeal.

FACTS

Kara and Robert Underwood were married in July 1991. In 1995, they agreed to purchase property in Montana from Robert's grandparents and began making monthly payments. After Robert's grandparents died in 2005, Kara and Robert learned that the property was a part of Robert's family trust and they sued the trust to gain access to the property. Instead, the trust was dissolved, the trust property that Kara and Robert believed they had purchased was sold, and they were refunded the money that they had already paid on the property. Robert received $350,000 for his share of the trust.

Kara and Robert separated in February 2010, and a decree of dissolution of marriage was entered on September 14, 2012. The trial court awarded Kara a $112,000 judgment lien against Robert because he had received the $350,000 as separate property instead of the community recovering the lost value of the property. In its decision, the trial court relied on Kara's testimony "that the ten acres would have been worth $85,000 to $130,000." Robert appealed the trial court's award of the judgment lien to Kara. *In re Marriage of Underwood*, 181 Wn. App. 608, 326 P.3d 793, *review denied*, 181 Wn.2d 1029 (2014) (published in part).

In Robert's first appeal, this court vacated the lien and held that the trial court abused its discretion when it awarded a judgment lien of $112,000 in Kara's favor against Robert's separate property based in part on evidence of the projected lost profits from a failed property transaction. *Underwood*, No. 44068-7-II, slip op. (unpublished portion) at 26. This court previously explained that Kara had a community interest in the Cheney and Montana properties because community

No. 47643-6-II

resources had been used to purchase or improve these properties and "the trial court did not abuse its discretion when it decided that Kara was entitled to a lien in *some amount* on property awarded to Robert." *Underwood*, No. 44068-7-II, slip op. (unpublished portion) at 29 (emphasis added).

This court also previously held that

> [b]ecause it is unclear what portion, if any, of the lien related to the failed property transaction and because the trial court also based its decision to award the lien on the community nature of the properties and the community effects used to finance and maintain the properties, [this court remanded] to the trial court to recalculate the amount of Kara's lien without consideration of the projected lost profits from the failed property transaction.

*Underwood*, No. 44068-7-II, slip op. (unpublished portion) at 31.

> On remand, the trial court reaffirmed the lien and clarified the basis for its ruling as follows:

> No portion of the court's ruling or award to Kara Underwood [ ] was based on 'lost profits' from the raw land held in the Underwood family trust. It is just pure speculation that this was a basis for the court's ruling. It was not.

> The court drafted a ruling that was fair and equitable considering the economic circumstances of the parties, [Robert's] earning capacity and potential, his other separate property that he had, which is basically all of the property was separate (sic) subject to the community interest. The court came up with an amount that accurately portrayed what she should be awarded. It was not based upon loss of profits, and the court is clarifying its ruling for the Court of Appeals. I think the lien for $112,000 is a fair and equitable division of the property, the community property interest, and award that to her.

Clerk's Papers (CP) at 207-08. In considering the amount of the lien, the court also stated that it had "drafted a ruling that was fair and equitable considering the economic circumstances of the parties," and that the "lien [awarded to Kara for] $112,000 is a fair and equitable division of the property [and] the community property interest." CP at 207-08. The trial court also amended the interest rate on the $112,000 judgment lien to four percent per annum beginning from the date of the decree of dissolution and awarded Kara attorney fees and costs. Robert appealed.

3

ANALYSIS

I. STANDARDS OF REVIEW

We review a trial court's property division made during a dissolution of marriage for manifest abuse of discretion. *In re Marriage of Neumiller*, 183 Wn. App. 914, 920, 335 P.3d 1019 (2014). A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons. *Neumiller*, 183 Wn. App. at 920. "'Trial court decisions in dissolution proceedings will seldom be changed on appeal.'" *In re Marriage of Larson and Calhoun* 178 Wn. App. 133, 139, 313 P.3d 1228 (2013), *review denied*, 180 Wn.2d 1011 (2014) (quoting *In re Marriage of Stenshoel*, 72 Wn. App. 800, 803, 866 P.2d 635 (1993)).

"In a marriage dissolution proceeding, the trial court must 'dispos[e] of the property and the liabilities of the parties, either community or separate, as shall appear just and equitable after considering all relevant factors.'" *In re Marriage of Muhammad*, 153 Wn.2d 795, 803, 108 P.3d 779 (2005) (alteration in original) (quoting RCW 26.09.080). Those factors include:

> (1) The nature and extent of the community property;
>
> (2) The nature and extent of the separate property;
>
> (3) The duration of the marriage; and
>
> (4) The economic circumstances of each spouse . . . at the time the property distribution is to become effective.

RCW 26.09.080. These factors are not exclusive. *Larson*, 178 Wn. App. at 138. All property is before the court for distribution. *In re Marriage of Farmer*, 172 Wn.2d 616, 625, 259 P.3d 256 (2011).

The trial court has broad discretion to determine what is just and equitable based on all of the circumstances of the marriage. *In re Marriage of Crosetto*, 82 Wn. App. 545, 556, 918 P.2d

954 (1996). A just and equitable division "does not require mathematical precision, but rather fairness, based upon a consideration of all the circumstances of the marriage, both past and present, and an evaluation of the future needs of parties." *Crosetto*, 82 Wn. App. at 556. "Fairness is attained by considering all circumstances of the marriage and by exercising discretion, not by utilizing inflexible rules." *In re Marriage of Tower*, 55 Wn. App. 697, 700, 780 P.2d 863 (1989). When appropriate, the trial court need not award separate property to its owner. *In re Marriage of White*, 105 Wn. App. 545, 549, 20 P.3d 481 (2001).

The trial court must consider all the circumstances when it decides whether a right to reimbursement exists. *In re Marriage of Miracle*, 101 Wn.2d 137, 139, 675 P.2d 1229 (1984). If necessary, the trial court may impose an equitable lien to protect a right to reimbursement. *Miracle*, 101 Wn.2d at 139. We review a trial court's decision to grant or deny an equitable lien for abuse of discretion. *In re Marriage of Marshall*, 86 Wn. App. 878, 882, 940 P.2d 283 (1997).

Although a mandate of this court on remand is binding on the trial court and must be strictly followed, our Supreme Court has distinguished between what the trial court is obligated to do without the exercise of any discretion on remand and when a trial court may exercise its discretion. *In re Marriage of McCausland*, 129 Wn. App. 390, 399, 118 P.3d 944 (2005), *rev'd on other grounds*, 159 Wn.2d 607 (2007). "The [trial] court may exercise discretion where an appellate court directs it to [re]'consider' an issue," provided that it adheres to the appellate court's instructions. *McCausland*, 129 Wn. App. at 399.

## II. REMAND PROCEEDING

### REMAND FOR RECALCULATION OF THE LIEN

Robert argues that the trial court did not follow our instructions on remand and erred when it (1) did not vacate the judgment lien, (2) did not properly recalculate the lien amount, (3) determined that a lien could be imposed on his separate property, and (4) did not depreciate the value of the community lien. We disagree.

This court remanded to the trial court as follows:

> We hold that the trial court abused its discretion when it imposed the lien in Kara's favor based in part on evidence of the projected lost profits from the parties' failed property transaction. We reverse and remand to the trial court to vacate this lien, and to recalculate the value of the lien against Robert's property without considering projected lost profits from the failed property transaction. We affirm on all other property distribution issues.

*Underwood*, No. 44068-7-II, slip op. (unpublished portion) at ¶ 80.

This court reversed and remanded and, thus, vacated the lien. There was no need for the trial court to vacate the lien on remand, as Robert argues. The instructions to "recalculate" the lien stated that "it [was] *unclear* what portion (if any) of the lien related to the failed property transaction." *Underwood*, No. 44068-7-II, slip op. (unpublished portion) at 31 (emphasis added). Both "recalculate" and "reconsider" have the same effect and allow the trial court to exercise its broad discretion upon remand, provided that it adheres to our instructions. *See McCausland*, 129 Wn. App. at 399. Thus, this court previously directed the trial court to reconsider the amount of the lien to Kara. The trial court followed the remand instructions and clarified that "no portion of the . . . ruling or award to Kara . . . was based on 'lost profits.'" CP at 207.

Although Robert argues that his separate property should not be subject to a judgment lien, this court previously held that "the trial court *did not abuse its discretion* when it decided that Kara

was entitled to a lien in *some amount* on property awarded to Robert." *Underwood*, No. 44068-7-II, slip op. (unpublished portion) at ¶ 29 (emphasis added). We reject his argument again here.

On remand, the trial court reaffirmed the amount of the lien awarded to Kara and stated that it had "drafted a ruling that was fair and equitable considering the economic circumstances of the parties," and that the "lien [awarded to Kara for] $112,000 is a fair and equitable division of the property [and] the community property interest." CP at 207-08. Thus, the trial court did not abuse its discretion because it properly considered all of the circumstances of the marriage as required under RCW 26.09.080 and *Crosetto*.[2] We hold that trial court's award on remand of a judgment lien in the amount of $112,000 to Kara was just and equitable as required under RCW 26.09.080 and its ruling was not a manifest abuse of discretion.

### III. INTEREST ON THE LIEN

Robert also argues that he should not be required to pay interest on the judgment lien from the date of the dissolution of the marriage but fails to cite to any authority. We do not review "issues for which inadequate argument has been briefed or only passing treatment has been made." *State v. Thomas*, 150 Wn.2d 821, 868-69, 83 P.3d 970 (2004); RAP 10.3(a)(6). Thus, we decline to reach this issue.

---

[2] 82 Wn. App. at 556.

ATTORNEY FEES AND COSTS

Kara requests reasonable attorney fees and costs under RCW 26.09.140 and RAP 18.1(a)[3] based on her financial need and Robert's ability to pay and also argues that Robert's appeal is frivolous.[4] We hold that Robert's financial position has changed and decline to award Kara reasonable attorney fees and costs on appeal.

We may "order a party to pay for the cost to the other party of maintaining the appeal and attorneys' fees in addition to statutory costs." RCW 26.09.140. We consider the merit of the issues on appeal, the parties' financial resources, and balance the financial need of the requesting party against the other party's ability to pay. *In re Marriage of Kim*, 179 Wn. App. 232, 256, 317 P.3d 555, *review denied*, 180 Wn.2d 1012 (2014).

Kara's financial declaration states that her net monthly income and expenses deficit is $1,035, her monthly debt expense is $1,422, and her total attorney fees are $46,224. Robert's financial declaration states that his monthly income and expenses deficit is $2,173, his monthly debt expense is $695, and his total attorney fees are $105,184.

The record indicates that Kara's and Robert's financial positions have changed, that both have financial need, and neither has the ability to pay attorney fees and costs. Thus, we decline to award Kara her reasonable attorney fees and costs on appeal.

---

[3] If applicable law grants to a party the right to recover reasonable attorney fees or expenses on review before this court, the party must request the fees or expenses. RAP 18.1(a).

[4] Although Kara states that Robert's appeal is frivolous, she provides no argument for attorney fees to be awarded under RAP 18.9. Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration. RAP 10.3(a)(6); *Brownfield v. City of Yakima*, 178 Wn. App. 850, 876, 316 P.3d 520 (2013). Thus, we do not address this issue.

No. 47643-6-II

CONCLUSION

We hold that the trial court followed our instructions on remand and did not abuse its discretion when it reaffirmed and clarified that in awarding the judgment lien of $112,000 to Kara it considered all circumstances as required under RCW 26.09.080 and it did not consider projected lost profits from the failed property transaction. We affirm. We decline to award Kara reasonable attorney fees and costs on appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

JOHANSON, P.J.

MELNICK, J.

9