IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of: | ) | No. 37938-8-III |
| | ) | |
| MARY JANE EATON, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | UNPUBLISHED OPINION |
| and | ) | |
| | ) | |
| TRACY EATON, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Tracy Eaton appeals the trial court's order requiring him to pay $512.50 to his former wife, Mary Jane Eaton, for reasonable attorney fees she incurred enforcing their decree of dissolution. We generally affirm.

FACTS

The parties entered into a CR 2A mediated settlement agreement and listed the decree of dissolution as an exhibit to it. They had the trial court affirm the agreement by signing it. The parties then presented their agreed decree of dissolution and the trial court signed that, too.

The CR 2A settlement agreement required "[a]ll issues/disputes arising out of or related to this Agreement; in the drafting of the final pleadings; or with regard to any omitted issue(s), shall be submitted to [the mediator] for binding arbitration." Clerk's Papers (CP) at 35.

The agreed decree of dissolution apportioned property and debts to each party. It assigned "[a]ll back tax obligations owed to the [Internal Revenue Service (IRS)]" as Mr. Eaton's debt. CP at 41. The order authorized the trial court to "retain jurisdiction to resolve any issues regarding the transfer of assets or payment of debts as outlined herein." CP at 44. It also contained the following provision, which we will refer to as the "enforcement provision."

> COSTS OF ENFORCEMENT. In the event that either of the parties shall be required to bring any action or proceeding to enforce any of the terms of this Order or any other order made after merger of any provisions of this Order or Findings of Fact and Conclusions of Law, the court retains jurisdiction to award fees based upon the circumstances.

CP at 44.

In early 2020, Ms. Eaton filed her 2019 tax return, expecting a $1,015 refund. Instead, the IRS applied her expected refund to Mr. Eaton's 2013 tax liability. On April 7, 2020, she wrote to Mr. Eaton requesting reimbursement. Mr. Eaton responded in writing, but his letter is not part of the record. We gather from his later-filed declaration

that he was concerned that if he paid Ms. Eaton $1,015, she might need to repay him a portion of that sum if there was a sufficient refund from their yet-to-be filed 2018 return.

In early September 2020, Ms. Eaton filed a motion to enforce the decree of dissolution. In her motion, she requested reimbursement of the $1,015 the IRS retained and applied to Mr. Eaton's 2013 tax obligation. She also requested attorney fees incurred in seeking reimbursement. Upon receipt of the motion, Mr. Eaton promptly paid $1,015 to Ms. Eaton.

In response to her motion, Mr. Eaton asserted the dispute was subject to binding arbitration, not court enforcement. He also asserted he had not violated the dissolution decree because there was no deadline for him paying the back taxes. He faulted Ms. Eaton for filing her taxes without consulting with him on the status of their 2018 tax return and by not filing an innocent spouse form with the IRS.

A court commissioner heard and granted Ms. Eaton's motion. It awarded her reasonable attorney fees of $512.50, relying on the hold harmless provision in paragraph 12 of the decree as the basis for the fee award. On October 27, 2020, the court entered judgment in the awarded amount. A provision in the judgment required Mr. Eaton to "be responsible for any and all fees and costs incurred to collect this debt." CP at 13.

Mr. Eaton timely requested revision of the commissioner's order. The trial court reviewed the record and issued a letter decision. The court described Mr. Eaton's various arguments that sought to blame Ms. Eaton as "irrelevant." CP at 100. It explained:

> The [2013 tax] debt was allocated to Mr. Eaton in the decree. He did not immediately pay it. Ms. Eaton was forced to pay a portion of the 2013 taxes by virtue of the IRS withholding from her later tax refund. That triggered Mr. Eaton's responsibility to <u>reimburse</u> her. Ms. Eaton was quite patient, in that she asked for reimbursement on April 7, 2020 and did not file a motion to enforce the decree until September 3, 2020. Fees were incurred solely because of Mr. Eaton's refusal to promptly reimburse Ms. Eaton.

CP at 100 (alteration in original).

The trial court disagreed with the commissioner's reliance on the hold harmless provision for its attorney fee award and instead relied on the decree's enforcement provision. On November 30, 2020, the court entered an order denying Mr. Eaton's motion for revision. Mr. Eaton timely appealed to this court.

## ANALYSIS

### WHETHER THE TRIAL COURT HAD JURISDICTION TO DECIDE THE MOTION

Mr. Eaton argues the trial court erred by not deferring Ms. Eaton's motion to binding arbitration. We disagree.

We review a trial court's determination regarding the arbitrability of a dispute de novo. *Heights at Issaquah Ridge Owners Ass'n v. Burton Landscape Grp., Inc.*, 148 Wn.

App. 400, 404, 200 P.3d 254 (2009). Washington public policy strongly favors arbitration and any dispute that can be fairly said to be subject to an arbitration agreement must be submitted to arbitration. *Id.* at 403-04.

"The purpose of CR 2A settlement agreement is to give certainty and finality to settlements." *Condon v. Condon*, 177 Wn.2d 150, 157, 298 P.3d 86 (2013). A CR 2A property settlement agreement is operative and enforceable when executed, even though the marriage has not been dissolved. *See In re Estate of Nelson*, 85 Wn.2d 602, 609-10, 537 P.2d 765 (1975).

A decree of dissolution, by contrast, is a final order from the court ending a marriage. RCW 26.09.150. When a decree of dissolution approves of a property settlement agreement, "the rights of the parties rest upon the decree rather than the property settlement." *Mickens v. Mickens*, 62 Wn.2d 876, 881, 385 P.2d 14 (1963). For a settlement agreement to survive the decree of dissolution, the decree must explicitly state the agreement will survive. *See In re Marriage of Williams*, 115 Wn.2d 202, 207, 796 P.2d 421 (1990).

Here, nothing in the decree of dissolution states that the CR 2A settlement agreement survived entry of the decree. Accordingly, upon entry of the decree, any enforcement action was required to be brought in court. This result is consistent with the

decree of dissolution, which was an exhibit to the CR 2A settlement agreement. The decree provides: "JURISDICTION OF THE COURT. The court shall retain jurisdiction to resolve any issues regarding the transfer of assets or payment of debts as outlined herein." CP at 44.

WHETHER THE TRIAL COURT'S REMEDY WAS AN ABUSE OF DISCRETION

Mr. Eaton argues the enforcement provision does not authorize the attorney fee award. He argues the provision authorizes attorney fees only for actions to enforce the decree and the decree did not require him to pay the tax liability at any particular time. We disagree that the decree's indefiniteness excuses his failure to promptly reimburse Ms. Eaton.

"In a dissolution proceeding, the trial court is required to 'do equity.'" *In re Marriage of Miracle*, 101 Wn.2d 137, 139, 675 P.2d 1229 (1984). "The trial court must take into account all the circumstances in deciding whether a right to reimbursement has arisen." *Id.* "We review the trial court's decision only for abuse of discretion." *Id.*

Mr. Eaton acknowledges the dissolution decree required him to pay the 2013 tax liability. The decree was silent about when he had to pay it. This does not mean that Ms. Eaton could never enforce the obligation. The trial court was permitted to take into

account all of the circumstances and decide not just *whether* Ms. Eaton had a right of reimbursement, but *when* that right arose.

Five months after she requested reimbursement, Ms. Eaton filed a motion to enforce the dissolution decree. She incurred attorney fees for requesting reimbursement and for filing her motion. After the motion was filed but prior to the hearing, Mr. Eaton reimbursed his former wife the amount she sought.

We discern no abuse of discretion for the trial court's decision that Ms. Eaton had a right of "prompt" reimbursement for the modest sum requested and its implied holding that Mr. Eaton had failed to promptly reimburse her.

Relatedly, Mr. Eaton objects to the provision in the judgment that requires him to be responsible for all fees and costs incurred to collect the $512.50 debt. Ms. Eaton does not provide any authority in support of this unusual provision. We agree it was inserted in error. But to the extent costs and attorney fees are statutorily authorized, recovery is permitted. *See*, *e.g.*, RCW 6.27.090(2) (setting garnishment costs and attorney fees).

Mr. Eaton raises additional arguments that we dispose of summarily.

First, he argues there was no evidence to support the trial court's finding that he could have reimbursed Ms. Eaton promptly. Although the trial court surmised this in its

letter ruling, Mr. Eaton's ability to promptly pay the modest amount was not a necessary basis for the trial court's decision.

Second, he argues that the trial court erred by not reviewing de novo his motion for revision. There is no evidence the trial court misunderstood its obligation to review the record and reach its own findings and conclusions. Its letter decision sets forth its independent findings of fact and its independent conclusions of law.

Third, he argues the trial court should have awarded him the 2018 tax refund. Ms. Eaton brought a motion seeking reimbursement and attorney fees. Mr. Eaton did not file a cross motion. He was not entitled to any affirmative relief. *See* CR 7(b) (application for an order shall be by motion).

Generally affirm.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____        _____
Siddoway, A.C.J.                        Fearing, J.

8